STATE OF NORTH CAROLINA v. JAMES McDONALD
AND
STATE OF NORTH CAROLINA v. LINWOOD EARL FORTE

No. COA03-1

(Filed 6 April 2004)

**1. Sentencing— aggravating factors—preponderance of evidence**

The trial court did not err by using a preponderance of the evidence standard in finding aggravating factors in sentencing where defendant's sentence in the aggravated range was within

STATE v. McDONALD

[163 N.C. App. 458 (2004)]

the statutory maximum. A finding of fact used to increase a sentence from the presumptive to the aggravated range set by statute is not required to be found by the jury using the beyond a reasonable doubt standard.

**2. Criminal Law— severance of joint trials denied—same offenses and same facts**

The trial court did not abuse its discretion by denying a defendant's motion to sever his trial for felonious escape from that of a codefendant. Defendant waived any right to severance by not renewing his motion at the close of the evidence and there was no abuse of discretion in the denial because both defendants were charged with the same offenses arising from the same facts.

**3. Criminal Law— continuance denied—time to prepare**

There was no abuse of discretion in the denial of a motion to continue where the record did not support defendant's contention on appeal that his counsel did not have time to prepare.

**4. Escape— reason for incarceration—admissible**

Testimony that a felonious escape defendant was in jail awaiting trial for murder was admissible. Felonious escape requires proof that the defendant was charged with a felony and was committed to the custody of the Department of Correction.

**5. Sentencing— re-weighing aggravating and mitigating factors—exercise of discretion**

The trial court did not abuse its discretion by not re-weighing aggravating and mitigating factors after the inapplicability of one of the aggravating factors was brought to the court's attention. The trial judge's words and actions sufficiently indicate that he exercised his discretion appropriately.

**6. Sentencing— within presumptive range—mitigating factor not found—no appeal of right**

Where a sentence was in the presumptive range, there was no appeal as a matter or right from the failure to find a nonstatutory mitigating factor.

Appeal by defendants from judgments entered 26 June 2002 by Judge Benjamin G. Alford in Superior Court in Craven County. Heard in the Court of Appeals 16 October 2003.

STATE v. McDONALD

[163 N.C. App. 458 (2004)]

*Attorney General Roy Cooper, by Assistant Attorney Generals Lauren M. Clemmons and Kimberly W. Duffley, for the State.*

*Rudolf, Maher, Widenhouse & Fialko, by Andrew G. Schopler, for defendant-appellant James McDonald.*

*Joal H. Broun, for defendant-appellant Linwood Earl Forte.*

HUDSON, Judge.

On 18 February 2002, a Craven County Grand Jury indicted defendants James McDonald and Linwood Earl Forte on charges of felonious escape, attempted felonious escape, and assault on a correctional officer with a deadly weapon with intent to kill inflicting serious injury. The court dismissed the felonious escape charge at the close of the State's evidence. On 26 June 2002, a jury found both defendants guilty of attempted felonious escape and assault with a deadly weapon inflicting serious injury. The court sentenced McDonald to prison for 8 to 10 months for the attempted escape charge and 58 to 79 months for the assault charge, with the sentences to run consecutively. The court sentenced Forte to prison for 9 to 11 months for the attempted escape and 66 to 89 months for the assault, with the sentences to run consecutively. Defendants appeal. For the reasons discussed here, we find no error as to either defendant.

## Factual Background

The State's evidence at trial tended to show that on 26 January 2002, defendants McDonald and Forte were incarcerated in the "safe-keeping" unit at the Craven Correctional Institution in Vanceboro awaiting trial on murder charges. The "safe-keeping" unit houses inmates from various other jails who have medical, physical or behavioral problems.

In the afternoon of 26 January 2002, defendants as well as several other inmates were in the recreational yard at the facility. The yard was enclosed by a series of three fences: the inner and outer fences were chain-link fences with razor-wire tops, and the middle fence was a barbed wire electric fence.

During a recreational period that day, the defendants asked officer Jeffrey Johnson, an employee of the Craven Correctional Institution, to escort them from the recreation area to their cells. When Officer Johnson placed his key in the door, McDonald slammed him into the wall. Thereafter, the defendants kicked and hit Officer

Johnson, and struck him with a padlock wrapped in a sock until the Officer fell to his knees. Officer Johnson ordered the defendants to stop, but they did not. He tried to radio for help, but his radio was knocked out from his hands and under a stairwell. Officer Johnson attempted to get into the building, but defendants pushed him away, pulled his keys from the door and threw them away. The defendants then dragged Officer Johnson, and handcuffed him to a fence and continued to beat on him until the lock came out of the sock. Then the defendants began climbing the first fence.

Corrections Officer Taylor Lorenzo Biggs was driving his vehicle on perimeter patrol duty that day when he received an alarm near the "safe-keeper" unit. He responded to the area and saw McDonald between the second and third fences, Forte tangled in the barbed wire of the first fence, and Officer Johnson leaning against the fence to which he was handcuffed.

McDonald ran toward Forte and tried to untangle him from the barbed wire. Officer Biggs ordered the defendants to get down from the fence and aimed his rifle at McDonald, who said, "You're going to have to shoot me." Other officers soon arrived and surrounded the defendants. They were handcuffed and taken back into custody.

Eventually another inmate came to Officer Johnson's aid. At the hospital he was treated for blunt force trauma wounds to the top of his head and left temple area, and received approximately twenty stitches. Officer Johnson also had wounds from being kicked in the groin area, including a swollen testicle and an enlarged prostate gland, as well as abrasions on his right knee and right arm.

At the trial, Officer Johnson testified that he had several ongoing problems from the incident, including problems with his left hip, an injured disc in his back and a pinched nerve. He was undergoing physical therapy two or three times per week because the ear tube that controls his balance was crushed in the assault. He also testified that periodically he had foggy vision in his left eye, and had not returned to work.

Defendants did not present any evidence.

*I. Defendant Forte*

A.

**[1]** Defendant Forte first argues that the "trial court used the unconstitutionally invalid standard of preponderance of the evidence

instead of beyond a reasonable doubt" in finding aggravating factors during sentencing. For the reasons discussed herein, we overrule this assignment of error.

Defendant draws this Court's attention to the United States Supreme Court's decisions in *Apprendi v. New Jersey*, 530 U.S. 466, 147 L. E. 2d 435 (2000) and *Ring v. Arizona*, 536 U.S. 584, 153 L. E. 2d 556 (2002), which held that any aggravating factor that increases the penalty for a crime beyond the statutory maximum, other than the fact of a prior conviction, must be submitted to the jury and proven by beyond a reasonable doubt, to argue that the trial court erroneously sentenced him in the aggravated range by using the preponderance of the evidence standard to find the aggravating factor that Forte assaulted an employee of the Department of Correction.

In *Apprendi*, the defendant was convicted of possession of a firearm for an unlawful purpose for shooting into the house of an African-American family. *Id.* at 469, 147 L. Ed. 2d at 442. The trial court found that the crime was motivated by racial bias, which made New Jersey's hate crime statute applicable resulting in a doubling of the maximum punishment for the underlying crime. The Supreme Court held that a jury must determine that the defendant is guilty of each and every element of the crime charged beyond a reasonable doubt and that the court cannot increase a defendant's punishment beyond the statutory maximum based upon a finding of fact, no matter how the state labels it, without that fact being found by a jury. *Id.* at 494, 147 L. Ed. 2d at 457. However, the Court was cautious to note that:

> nothing in this history suggests that it is impermissible for judges to exercise discretion—taking into consideration various factors relating both to offense and offender—in imposing a judgment *within the range* prescribed by statute. We have often noted that judges in this country have long exercised discretion of this nature in imposing sentence within statutory limits in the individual case.

*Id.* at 481, 147 L. Ed. 2d at 449 (emphasis in original). Defendant here argues that any sentence greater than one that falls within the presumptive range under our Structured Sentencing is an enhancement of the maximum penalty allowed by statute and any finding of fact that thus increases this punishment must be found by a jury. We disagree.

In North Carolina, the statutory maximum penalty is determined either by reference to the criminal statute setting forth the elements of the offense, or to the Structured Sentencing Act found in Chapter 15A, Article 81B of the General Statutes. Most criminal statutes in North Carolina do not specify a punishment, but rather establish the class of felony or misdemeanor. One must refer to the sentencing charts in G.S. § 15A-1340.17 to determine the maximum penalty for a class of offense. *See State v. Lucas*, 353 N.C. 568, 595, 548 S.E.2d 712, 730 (2001).

Pursuant to G.S. § 15A-1340.16(a), a trial court "shall consider evidence of aggravating or mitigating factors present in the offense that make an aggravated or mitigated sentence appropriate, but the decision to depart from the presumptive range is in the discretion of the court." If the trial court finds that the aggravating factors outweigh the mitigating factors, it may impose a sentence in the aggravated range. G.S. § 15A-1340.16(b).

The minimum term in the aggravated range based upon a class E felony and prior record level V is 53-66 months. G.S. § 15A-1340.17(c). The trial court sentenced defendant to a minimum term of 66 months, at the high end of that range. The trial court then applied the correct corresponding maximum term of 89 months, within the statutory maximum. G.S. § 15A-1340.17(e). In sentencing defendant Forte, the trial court did not "increase[] the penalty for a crime beyond the prescribed statutory maximum," *Apprendi*, 530 U.S. at 490, 147 L. Ed. 2d at 455, and thus did not violate defendant Forte's constitutional rights as expressed in *Apprendi*.

B.

[2] Next, defendant Forte argues that the trial court erred by refusing to grant his motion to sever his trial from co-defendant McDonald's. We do not agree.

A trial court's denial of a motion to sever will not be disturbed on appeal absent an abuse of discretion. *State v. Brower*, 289 N.C. 644, 658-59, 224 S.E. 2d 551, 562 (1976), *recons. denied*, 293 N.C. 259, 243 S.E.2d 143 (1977). G.S. § 15A-927(a)(2) provides that when a pre-trial motion to sever is made, failure to renew the motion "before or at the close of all the evidence" waives any right to severance. This Court has also held that failure to renew a motion to sever as required by G.S. 15A-927(a)(2) waives any right to severance and that on appeal the Court is limited to reviewing whether the trial

court abused its discretion in ordering joinder at the time of the trial court's decision to join. *State v. Agubata*, 92 N.C. App. 651, 660-61, 375 S.E.2d 702, 708 (1989).

Here, defendant Forte moved pre-trial to sever his trial from co-defendant McDonald's, but failed to renew his motion to sever at the close of all of the evidence, as required by G.S. § 15A-927(a)(2). Thus, he waived his right to severance. Therefore, the question remaining is whether joinder of defendants' cases for trial was an abuse of discretion.

Pursuant to G.S. § 15A-926(b)(2)(a), the court may join defendants when "each of the defendants is charged with accountability for each offense." Here, both defendants were charged with escape, attempted escape, and assault with a deadly weapon with intent to kill inflicting serious injury, these offenses arising out of the same set of operative facts. Therefore, the prerequisite necessary for the trial court to consider joinder was satisfied and we find no abuse of discretion in the joinder of these trials. We overrule this assignment of error.

C.

**[3]** Defendant Forte next argues that the trial court abused its discretion by denying his motion to continue, asserting that he met with his defense counsel one day before trial, which gave them insufficient time to prepare a defense. For the following reasons, we find no abuse of discretion.

A motion to continue a proceeding is addressed to the sound discretion of the trial court and a ruling on a motion to continue will not be disturbed on appeal absent an abuse of that discretion. *State v. Beck*, 346 N.C. 750, 756, 487 S.E.2d 751, 755 (1997).

Here, the record does not support the assertion that counsel first spoke with defendant Forte the day before trial and thus had inadequate time to prepare for trial, or even that this was the basis upon which he sought the continuance. In his written motion as well as his oral argument in support of the motion, defense counsel indicated that the present charges should be tried after his trial on his pending murder charges because "the outcome of this trial may affect the sentencing of [defendant Forte] should he be found guilty in the . . . murder charges." Indeed, there is nothing in the record to indicate that defense counsel was inadequately prepared to try the case: he filed a motion to sever, the motion to continue, and a motion in limine; he

argued for dismissal of the charges against his client; he cross-examined the State's witnesses; he participated in the charge conference; he presented a closing argument; and argued for mitigating factors at the sentencing hearing. Thus, from this record, we cannot conclude that the trial court abused its discretion in denying the motion to continue.

D.

**[4]** Defendant Forte argues finally that the trial court erred by denying his motion in limine to disallow evidence that defendant Forte was incarcerated awaiting trial on murder charges. We find no error.

Our Courts have consistently held that " '[a] motion in limine is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial.' " *State v. Bonnett*, 348 N.C. 417, 437, 502 S.E.2d 563, 576 (1998), *cert. denied*, 525 U.S. 1124, 142 L. Ed. 2d 907 (1999) (*quoting State v. Conaway*, 339 N.C. 487, 521, 453 S.E.2d 824, 845, *cert. denied*, 516 U.S. 884, 133 L. Ed. 2d 153 (1995)). Rulings on motions in limine are preliminary in nature and subject to change at trial, depending on the evidence offered, and "thus an objection to an order granting or denying the motion 'is insufficient to preserve for appeal the question of the admissibility of the evidence.' " *T&T Development Co. v. Southern Nat. Bank of S.C.*, 125 N.C. App. 600, 602, 481 S.E.2d 347, 348-349, *disc. review denied*, 346 N.C. 185, 486 S.E.2d 219 (1997) (*quoting Conaway*, 339 N.C. at 521, 453 S.E.2d at 845).

Here, defendant assigned error to the denial of his motions in limine, and also objected to the admission of the testimony when offered at trial. Thus, the issue is properly before us.

The State charged defendant Forte with felonious escape, or attempted felonious escape, under G.S. § 148-45(b), which provides in pertinent part:

(b) Any person in the custody of the Department of Correction, in any of the classifications hereinafter set forth, who shall escape from the State prison system, shall, except as provided in subsection (g) of this section, be punished as a Class H felon.

***

(2) A person who has been charged with a felony and who has been committed to the custody of the Department of Correction under the provisions of G.S. 162-39.

G.S. § 148-45(b). Thus, under subsection (b)(2), to prove felonious escape, the State must prove that the defendant has been charged with a felony and has been committed to the custody of the Department of Correction. In *State v. Hammond*, 307 N.C. 662, 300 S.E.2d 361 (1983), our Supreme Court held that "[t]estimony concerning the kind of crimes for which defendant was sentenced to prison is relevant and competent evidence which the state may introduce in order to meet its burden of proof on this issue." *Id.* at 665, 300 S.E.2d at 663.

Here, the State introduced evidence that defendant Forte was being held in the "safe-keeping" unit of the Craven Correctional Institution pending trial on murder charges. This evidence satisfies the State's burden of proof that defendant was charged with a felony and was in custody. Thus, the trial court did not err in admitting this testimony.

*II. Defendant McDonald*

A.

[5] Defendant McDonald first argues that the trial court erred by failing to re-weigh the aggravating and mitigating factors in imposing an aggravated sentence in the assault conviction after the inapplicability of one of the aggravating factors was brought to the court's attention. For the following reasons, we overrule this assignment of error.

During defendant McDonald's sentencing for the assault conviction, the trial court initially found two aggravating factors (that defendant joined with more than one other person to commit the offense and that the offense was committed against an employee of the Department of Correction) and one mitigating factor (that defendant agreed to plead guilty to the charge for which the jury convicted him). The trial court found that the factors in aggravation outweighed the factors in mitigation. Immediately after these findings, the State informed the court that aggravating factor number 2 (defendant joined with more than one other person) did not apply. After considering the State's information, the trial court stated the following:

Alright, then, strike number 2. That will be the judgment. Thank you sir, you may sit down.

The trial court completed and signed the AOC form indicating that it found the remaining aggravating factor and the mitigating factor mentioned above. The AOC form indicates that the trial court determined that the aggravating factor outweighed the mitigating factor, thus warranting an aggravated sentence.

This Court has previously noted that, in reviewing sentencing issues:

> rules of mathematical certainty and rigidity cannot be applied to the sentencing process. Justice may be served more by the substance than by the form of the process. We prefer to consider each case in the light of its circumstances. . . . Sentencing is not an exact science, but there are some well established principles which apply to sentencing procedure. The accused has the undeniable right to be personally present when sentence is imposed. Oral testimony, as such, relating to punishment is not to be heard in his absence. He shall be given full opportunity to rebut defamatory and condemnatory matters urged against him, and to give his version of the offense charged, and to introduce any relevant facts in mitigation.
>
> . . .
>
> In our opinion it would not be in the interest of justice to put a trial judge in a straitjacket of restrictive procedure in sentencing. . . . He should be permitted wide latitude in arriving at the truth and broad discretion in making judgment. . . . There is a presumption that the judgment of a court is valid and just. The burden is upon appellant to show error amounting to a denial of some substantial right. A judgment will not be disturbed because of sentencing procedures unless there is a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness and injustice, or conduct which offends the public sense of fair play.

*State v. Davis*, 58 N.C. App. 330, 335, 293 S.E.2d 658, 661-62 (1982) (citations omitted).

In *Davis*, the trial court initially found in its written judgment the aggravating factor that the defendant knowingly created a great risk of death to more than one person by means of a weapon or device which would normally be hazardous to the lives of more than one person. The following day, the court amended that judgment to strike

this aggravating factor and stated that the court "finds again that the factors in aggravation outweigh the factors in mitigations (sic)," and thus refused to reduce the defendant's aggravated sentence. *Id.* at 331, 293 S.E.2d at 660. We upheld the trial court's action, noting that "the deletion was in defendant's favor and could not be prejudicial." *Id.* at 333, 293 S.E.2d at 660.

We do not believe that a trial judge should be put in the "straight-jacket of restrictive procedure" that would require him to recite that he "re-weighs" or "finds again" in a situation like this one. He did indicate that he deleted factor number two and thereafter reaffirmed the sentence. His words and actions sufficiently indicate that he exercised his discretion appropriately. As such, we find no abuse of discretion on the part of the trial court in sentencing defendant in the aggravated range on the assault conviction.

B.

[6] In his final argument, McDonald contends that the trial court erred in sentencing defendant in the presumptive range for the attempted escape conviction by failing to find a nonstatutory mitigating factor. Because defendant's sentence is in the presumptive range, he has no direct appeal as a matter of right. G.S. § 15A-1444(a1). Defendant McDonald, therefore, requests that we consider this assignment of error as a petition for writ of certiorari. Because the issue of a trial court's discretion to departing from the presumptive range in sentencing a defendant has been adequately addressed by this Court in the past, we deny defendant's petition for writ of certiorari and decline to address this issue.

Conclusion

For the foregoing reasons, we find no error in the trial or sentencing of either defendant McDonald or defendant Forte.

No error.

Judges McGEE and CALABRIA concur.