STATE OF NORTH CAROLINA v. DAVID LEE WOOD, Defendant

No. COA06-1391

(Filed 7 August 2007)

## 1. Criminal Law— motion to sever—possession of firearm by felon—felonious possession of stolen property

The trial court did not abuse its discretion by denying defendant's motion to sever the charge of possession of a firearm by a felon from the charge of possession of stolen property, because: (1) defendant waived his right to severance based on his failure to renew his motion to sever at the close of all evidence as required by N.C.G.S. § 15A-927(a)(2); and (2) defendant's theft and subsequent possession of the firearm as a result of his breaking and entering are so closely related in time, place, and occasion that it would be difficult to separate proof of one charge from proof of the other.

## 2. Evidence— prior crimes or bad acts—prior conviction— failure to give limiting instruction

The trial court did not abuse its discretion in a felonious possession of stolen property and possession of a firearm by a felon case by admitting defendant's prior conviction of felony breaking and entering into evidence, nor did it commit plain error by failing to give a limiting instruction regarding the prior conviction, because: (1) the Felony Firearms Act under N.C.G.S. § 14-415.1(b) provides that records of prior convictions of any offense shall be admissible in evidence for the purpose of proving a violation of this section; (2) there was no indication that defendant agreed to stipulate to his prior felony conviction, and the State had no choice but to introduce evidence of defendant's conviction in order to prove its case as to the charge of possession of a firearm by a felon; and (3) the lack of any instructions to the jury regarding the use of defendant's prior conviction could not have been so prejudicial that it had a probable impact on the jury's verdict.

## 3. Confessions and Incriminating Statements— redaction of statement—release from prison

The trial court did not commit plain error in a felonious possession of stolen property and possession of a firearm by a felon case by failing to redact defendant's statement where he mentioned his release from prison, because it was not error to intro-

**STATE v. WOOD**

[185 N.C. App. 227 (2007)]

duce defendant's prior felony conviction or to give a limiting instruction regarding the conviction, and defendant thus cannot show the failure to redact defendant's statement was so prejudicial that it had a probable impact on the jury's verdict.

## 4. Constitutional Law— effective assistance of counsel—failure to show prejudice

Defendant was not denied his right to the effective assistance of counsel even though his trial counsel failed to stipulate to defendant's prior conviction, to request a limiting instruction, and to object to mention of defendant's release from jail, because: (1) even assuming arguendo that defense counsel was deficient, defendant was not prejudiced by his trial counsel's actions; (2) defendant was found not guilty on the charges of felonious breaking or entering and felonious larceny, the two charges most likely to have been influenced by defendant's prior conviction of felonious breaking and entering; and (3) even had defense counsel taken those actions, there was not a reasonable probability that the result of the trial would have been different given the evidence of defendant's guilt.

## 5. Constitutional Law— double jeopardy—possession of firearm by felon—substantive offense

Defendant's conviction for possession of a firearm by a felon was not a violation of his right to be free from double jeopardy even though defendant contends it is a recidivist offense and not a substantive crime, because: (1) while N.C.G.S. § 14-415.1 has characteristics of a recidivist statute, a plain reading of the statute shows it creates a new substantive offense; and (2) defendant did not violate a consequence of his original conviction, but rather committed a new substantive offense.

## 6. Constitutional Law— double jeopardy—possession of firearm by felon—felonious breaking and entering

Defendant's conviction for possession of a firearm by a felon was not a violation of his right to be free from double jeopardy even though defendant contends it is a greater offense of the predicate felony of felonious breaking and entering, because: (1) under N.C.G.S. § 14-415.1, it is the prior conviction that is an element which must be proved by the State; and (2) while proving the prior conviction will necessarily establish that defendant was guilty of committing the prior crime, it does not impose any punishment solely for defendant's commission of the prior crime but

instead requires that the State further prove the additional element of possession of a firearm.

Appeal by defendant from a judgment dated 28 June 2006 by Judge R. Stuart Albright in Randolph County Superior Court. Heard in the Court of Appeals 26 April 2007.

*Attorney General Roy Cooper, by Special Deputy Attorney General Lars F. Nance, for the State.*

*Bruce T. Cunningham, Jr. for defendant.*

BRYANT, Judge.

David Lee Wood (defendant) appeals from a judgment dated 28 June 2006 and entered consistent with a jury verdict finding him guilty of felonious possession of stolen property and possession of a firearm by a felon. For the reasons stated herein, we find defendant received a fair trial free from error.

*Facts and Procedural History*

On 22 June 2005, Charles Satterfield returned to his home in Randolph County, North Carolina, to find that a cement block had been thrown through his kitchen window. Mr. Satterfield determined that his house had been broken into and that a lockbox, a .40 caliber Ruger pistol, a magazine for that pistol, and a nylon gun holster were missing. Three latent fingerprints were lifted from a piece of broken glass intact in the frame. The prints were sent to the Guilford County Sheriff's Department for identification and one was later determined to be from defendant's left index finger. To Mr. Satterfield's knowledge, defendant had never before been to Mr. Satterfield's house.

On 24 June 2005, Charles Ward contacted the Randolph County Sheriff's Department concerning a handgun he had recently purchased. Officers visited Mr. Ward and were given a semiautomatic handgun. The serial number of the handgun obtained from Mr. Ward matched the serial number given the Sheriff's Department by Mr. Satterfield for his stolen .40 caliber Ruger pistol.

Defendant was subsequently interviewed by police, and he gave a statement that he had sold a gun to Ward. On 16 July 2005, defendant was arrested and, on 10 October 2005, defendant was indicted for felonious breaking and entering, felonious larceny, felonious possession of stolen property, and possession of a firearm by a felon.

Defendant was tried before a jury on 27 June 2006 at the Criminal Session of Superior Court in Randolph County, the Honorable R. Stuart Albright presiding. On 28 June 2006, the jury returned its verdict finding defendant guilty of felonious possession of stolen property, guilty of possession of a firearm by a felon, not guilty of felonious breaking and entering, and not guilty of felonious larceny. The trial court subsequently sentenced defendant to imprisonment for a term of twenty to twenty-four months. Defendant appeals.

---

Defendant raises the issues of whether: (I) the trial court erred in denying defendant's motion to sever the charge of possession of a firearm by a felon from the charge of stolen property; (II) the trial court erred in admitting defendant's prior conviction into evidence and failing to give a limiting instruction regarding the prior conviction; (III) the trial court committed plain error in failing to redact defendant's statement; (IV) defendant received ineffective assistance of counsel; (V) the trial court erred in entering judgment on the charge of possession of a firearm by a felon because this offense is a "recidivist offense" and not a substantive crime; and (VI) his conviction for possession of a firearm by a felon is a violation of his right to be free from double jeopardy.

*I*

**[1]** Defendant first argues the trial court erred in denying defendant's motion to sever the charge of possession of a firearm by a felon from the charge of stolen property. We disagree.

"A trial court's denial of a motion to sever will not be disturbed on appeal absent an abuse of discretion." *State v. McDonald*, 163 N.C. App. 458, 463, 593 S.E.2d 793, 796, *disc. review denied*, 358 N.C. 548, 599 S.E.2d 910 (2004). Further, "[i]f a defendant's pretrial motion for severance is overruled, he may renew the motion on the same grounds before or at the close of all the evidence. Any right to severance is waived by failure to renew the motion." N.C. Gen. Stat. § 15A-927(a)(2) (2005). Where a defendant has waived any right to severance, on appeal this "Court is limited to reviewing whether the trial court abused its discretion in ordering joinder at the time of the trial court's decision to join." *McDonald*, 163 N.C. App. at 463-64, 593 S.E.2d at 797 (citation omitted). Two or more offenses may be properly joined when "the offenses charged are 'part of the same act or transaction' or are 'so closely connected in time, place, and occasion that it would be difficult to separate proof of one charge from proof

of the others.' " *State v. Lundy*, 135 N.C. App. 13, 16, 519 S.E.2d 73, 77 (1999) (quoting *State v. Fink*, 92 N.C. App. 523, 527, 375 S.E.2d 303, 306 (1989)), *appeal dismissed and disc. review denied*, 351 N.C. 365, 542 S.E.2d 651 (2000); *see also* N.C. Gen. Stat. § 15A-926(a) (2005).

Defendant moved pre-trial to sever the charge of possession of firearm by a felon from the charges of felonious breaking and entering, felonious larceny, and felonious possession of stolen property. However, defendant failed to renew his motion to sever at the close of all of the evidence, as required by N.C.G.S. § 15A-927(a)(2). Defendant has therefore waived his right to severance and the question before this Court is whether joinder of defendant's offenses for trial was an abuse of discretion.

Here, defendant's alleged theft and subsequent possession of the firearm as a result of his alleged breaking and entering are so closely related in time, place, and occasion that it would be difficult to separate proof of one charge from proof of the others. Accordingly, the trial court did not abuse its discretion in consolidating the charges against defendant in one trial. This assignment of error is overruled.

*II*

**[2]** Defendant next contends the trial court erred in admitting defendant's prior conviction into evidence and failing to give a limiting instruction regarding the prior conviction. We disagree.

Defendant first argues the trial court erred in admitting defendant's prior conviction into evidence. Defendant contends the admission of his prior conviction into evidence where the charges against him were not tried in separate trials caused him undue prejudice. It is well settled that,

> "[o]n appeal, the standard of review of a trial court's decision to exclude or admit evidence is that of an abuse of discretion. An abuse of discretion will be found only when the trial court's decision was so arbitrary that it could not have been the result of a reasoned decision."

*State v. Sloan*, 180 N.C. App. 527, 532, 638 S.E.2d 36, 40 (2006) (quoting *Brown v. City of Winston-Salem*, 176 N.C. App. 497, 505, 626 S.E.2d 747, 753 (2006)), *appeal dismissed and disc. review denied*, 361 N.C. 367, 644 S.E.2d 560 (2007). Further, under the Felony Firearms Act, "records of prior convictions of any offense . . . shall be admissible in evidence for the purpose of proving a violation of this

section." N.C. Gen. Stat. § 14-415.1(b) (2005). As there is no indication that defendant agreed to stipulate to his prior felony conviction, the State had no choice but to introduce evidence of defendant's conviction in order to prove its case as to the charge of possession of a firearm by a felon. *See State v. Faison*, 128 N.C. App. 745, 747, 497 S.E.2d 111, 112-13 (1998) (holding the trial court did not err in admitting evidence of the defendant's prior felony conviction where the defendant "did not offer to stipulate that he had a prior felony conviction, nor did [the d]efendant argue that his stipulation would render evidence of the name and nature of the prior offense inadmissible pursuant to Rule 403 of the North Carolina Rules of Evidence"). Thus, the trial court did not abuse its discretion in admitting defendant's prior conviction. This assignment of error is overruled.

Defendant also contends the trial court committed plain error when it failed to instruct the jury on the limited use of defendant's prior conviction. Defendant contends the failure of the trial court to instruct the jury on the limited use of defendant's prior conviction was so prejudicial that it had a probable impact on the verdict. We disagree.

Because defendant failed to object to the jury instructions in this case, this assignment of error must be analyzed under the plain error standard of review. *State v. Holden*, 346 N.C. 404, 434-35, 488 S.E.2d 514, 530-31 (1997). Plain error with respect to jury instructions requires the error be "so fundamental that (i) absent the error, the jury probably would have reached a different verdict; or (ii) the error would constitute a miscarriage of justice if not corrected." *Id.* at 435, 488 S.E.2d at 531. Further, "[i]n deciding whether a defect in the jury instruction constitutes 'plain error,' the appellate court must examine the entire record and determine if the instructional error had a probable impact on the jury's finding of guilt." *State v. Bell*, 359 N.C. 1, 23, 603 S.E.2d 93, 109 (2004) (citation and quotations omitted), *cert. denied*, 544 U.S. 1052, 161 L. Ed. 2d 1094 (2005).

Defendant's prior conviction admitted at trial was for the offense of felony breaking and entering. In the instant case, the jury returned verdicts of not guilty as to the charges against defendant of felonious breaking and/or entering and felonious larceny and guilty as to the charges of felonious possession of stolen property and possession of a firearm by a felon. A review of the record before this Court shows the State presented sufficient evidence to support the jury's verdict of guilty as to the charges of felonious possession of stolen property and possession of a firearm by a felon, see Issue IV, *infra*, and the lack of

any instructions to the jury regarding the use of defendant's prior conviction could not have been so prejudicial that it had a probable impact on the jury's verdict. This assignment of error is overruled.

### III

**[3]** Defendant next argues the trial court committed plain error in failing to redact from defendant's statement to Detective Julian, mention of his release from prison. Again, as defendant did not object to the admission of the statement at trial, on appeal he must show the trial court committed plain error. *State v. Blair*, 181 N.C. App. 236, 244-46, 638 S.E.2d 914, 920 (2007).

Defendant's statement to Detective Julian was admitted at trial and published to the jury. Defendant's statement reads, in pertinent part:

> Jonathan brought a grill to my mother's house on the night of July the 4th. I sold a pistol to [Charles] Ward that Jonathan [] brought to me. It had been a couple of weeks ago. I got a hundred and thirty dollars [] for the gun. Jonathan said he got the grill out of the back of a truck up the road. I did not know where the gun came from. That is all I have sold [Charles Ward] since I got out of prison.

As in Issue II, *supra*, defendant argues he suffered undue prejudice through the admission of evidence regarding his prior criminal conviction. However, as we have held that it was not error to introduce defendant's prior felony conviction and it was not plain error for the trial court to fail to give a limiting instruction regarding the conviction, defendant cannot show the trial court's failure to redact defendant's statement that he had been in prison was so prejudicial that it had a probable impact on the jury's verdict. This assignment of error is overruled.

### IV

**[4]** Defendant next contends he was denied his right to effective assistance of counsel in violation of the Sixth Amendment because his trial counsel's failure to stipulate to defendant's prior conviction, to request a limiting instruction, and to object to mention of defendant's release from jail were objectively unreasonable and prejudicial to defendant. We disagree

"To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient

and then that counsel's deficient performance prejudiced his defense." *State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006) (citing *Strickland v. Washington*, 466 U.S. 668, 80 L. Ed. 2d 674 (1984)).

> Deficient performance may be established by showing that "counsel's representation fell below an objective standard of reasonableness." Generally, "to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

*Id.* (quoting *Wiggins v. Smith*, 539 U.S. 510, 534, 156 L. Ed. 2d 471, 493 (2003)). This Court's review of ineffective assistance of counsel claims "will be decided on the merits when the cold record reveals that no further investigation is required, i.e., claims that may be developed and argued without such ancillary procedures as the appointment of investigators or an evidentiary hearing." *State v. Fair*, 354 N.C. 131, 166, 557 S.E.2d 500, 524 (2001) (citations omitted), *cert. denied*, 535 U.S. 1114, 153 L. Ed. 2d 162 (2002). Based on our review of the record before this Court, we conclude that we may address defendant's claim of ineffective assistance of counsel on the merits.

Even assuming *arguendo* the performance of defendant's trial counsel was deficient for not stipulating to defendant's prior conviction, requesting a limiting instruction regarding the prior conviction and objecting to defendant's unredacted statement, defendant was not prejudiced by his trial counsel's actions. Defendant argues he was prejudiced "because there is a 'reasonable probability' that the errors of [his trial] counsel affected the outcome of the trial, especially in light of the failure to request a jury instruction on the use of the prior conviction." However, defendant was found not guilty on the charges of felonious breaking and/or entering and felonious larceny, the two charges most likely to have been influenced by defendant's prior conviction of felonious breaking and entering.

Furthermore, even had defendant's trial counsel stipulated to defendant's prior conviction, received a limiting instruction regarding the prior conviction and successfully had defendant's statement redacted, there is not a reasonable probability that the result of the trial would have been different. Evidence presented at the trial established that defendant's fingerprint was found at the scene of the crime, that defendant confessed to selling a pistol to Charles Ward,

that Charles Ward was known to deal in stolen goods, and that Charles Ward turned over the stolen handgun at issue in this case to the Randolph County Sheriff's Department. This evidence is sufficient to support the jury's verdict of guilty as to the charges of felonious possession of stolen property and possession of a firearm by a felon. This assignment of error is overruled.

*V*

**[5]** Defendant also contends the trial court erred in entering judgment on the charge of possession of a firearm by a felon because this offense is a "recidivist offense" and not a substantive crime. Under N.C. Gen. Stat. § 14-415.1, it is "unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm . . . ." N.C. Gen. Stat. § 14-415.1(a) (2005). Thus, the State need only prove two elements to establish the crime of possession of a firearm by a felon: (1) defendant was previously convicted of a felony; and (2) thereafter possessed a firearm. Defendant argues the first element is not actually an element of a substantive offense, but rather a recidivist component and thus possession of a firearm by a felon can only be used as a sentencing enhancement. Defendant's argument is misplaced.

A recidivist statute's primary purpose is

"to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced for other crimes."

*State v. Kirkpatrick,* 345 N.C. 451, 454, 480 S.E.2d 400, 402 (1997) (quoting *Rummel v. Estelle,* 445 U.S. 263, 284, 63 L. Ed. 2d 382, 397 (1980)). Recidivist statutes "increase the severity of the punishment for the crime being prosecuted; they do not punish a previous crime a second time." *State v. Vardiman,* 146 N.C. App. 381, 383, 552 S.E.2d 697, 699 (2001), *appeal dismissed,* 355 N.C. 222, 559 S.E.2d 794, *cert. denied,* 537 U.S. 833, 154 L. Ed. 2d 51 (2002).

Defendant contends that our Legislature is not prohibited from enacting a statute which punishes a person who has previously been convicted of a felony for possessing a gun, but that such a statute

must be considered a condition of the punishment imposed by the judgment for the original conviction and therefore can be punished only in a contempt proceeding and not as a substantive offense. Defendant's contention is not correct. Our Courts have held that

> [t]he Legislature, unless it is limited by constitutional provisions imposed by the State and Federal Constitutions, has the inherent power to define and punish any act as a crime, because it is indisputedly [sic] a part of the police power of the State. The expediency of making any such enactment is a matter of which the Legislature is the proper judge.

> It is for the [L]egislature to define a crime and prescribe its punishment, not the courts or the district attorney.

> While a criminal statute must be strictly construed, the courts must nevertheless construe it with regard to the evil which it is intended to suppress. The intent of the legislature controls the interpretation of a statute. When the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.

*State v. Priddy*, 115 N.C. App. 547, 549, 445 S.E.2d 610, 612 (1994) (internal citations and quotations omitted).

While N.C. Gen. Stat. § 14-415.1 has characteristics of a recidivist statute, a plain reading of the statute shows it creates a new substantive offense. *See State v. Bishop*, 119 N.C. App. 695, 698, 459 S.E.2d 830, 832, *appeal dismissed and disc. review denied*, 341 N.C. 653, 462 S.E.2d 518 (1995); *State v. McNeill*, 78 N.C. App. 514, 516, 337 S.E.2d 172, 173 (1985), *disc. review denied*, 316 N.C. 383, 342 S.E.2d 904 (1986)); *see also State v. Bowden*, 177 N.C. App. 718, 725, 630 S.E.2d 208, 213 (2006) ("The mere fact that a statute is directed at recidivism does not prevent the statute from establishing a substantive offense."). N.C. Gen. Stat. § 14-415.1 states that "[i]t shall be unlawful" for a convicted felon to possess a firearm. N.C. Gen. Stat. § 14-415.1(a) (2005). The statute creates a substantive offense to which the Sixth Amendment right to a jury trial applies, and not a sentencing requirement aimed at reducing recidivism. When defendant violated N.C. Gen. Stat. § 14-415.1 he did not violate a "consequence of his original conviction" as defendant contends, but rather committed a new substantive offense. This assignment of error is overruled.

**STATE v. WOOD**

[185 N.C. App. 227 (2007)]

*VI*

**[6]** Defendant lastly argues his conviction for possession of a firearm by a felon is a violation of his right to be free from double jeopardy because the crime of possession of a firearm by a felon is a greater offense of the predicate felony and, therefore, the "same offense." We disagree.

"It is well settled that '[t]he Double Jeopardy Clause of the North Carolina and United States Constitutions protect against . . . multiple punishments for the same offense.'" *Vardiman*, 146 N.C. App. at 383, 552 S.E.2d at 699 (quoting *State v. Gardner*, 315 N.C. 444, 451, 340 S.E.2d 701, 707 (1986)). "[W]hether a statute survives a double jeopardy constitutional analysis does not depend on whether the statute is called substantive or status, or whether the statute is comprised of elements or sentencing factors, but what the statute accomplishes in reality." *State v. Carpenter*, 155 N.C. App. 35, 49-50, 573 S.E.2d 668, 677 (2002) (citation and quotations omitted).

Defendant contends that the offense of possession of a firearm by a felon and his predicate felony of felonious breaking and entering from 2001 are the same offense, because proof of his guilt as to possession of a firearm by a felon automatically proves his guilt of the felonious breaking and entering in 2001. However, under N.C. Gen. Stat. § 14-415.1, it is the prior *conviction* that is an element which must be proved by the State. While proving the prior conviction will necessarily establish that defendant was guilty of committing the prior crime, N.C. Gen. Stat. § 14-415.1 does not impose any punishment solely for defendant's commission of the prior crime, but instead requires the State further prove the additional element of possession of a firearm. Thus the prior *conviction* constitutes a part of an entirely new offense. Therefore, defendant's prior conviction of felonious breaking and entering is not an "offense" within the meaning of the Double Jeopardy Clause when construed with his conviction of possession of a firearm by a felon. Defendant was not prosecuted nor punished again for the underlying 2001 conviction for felonious breaking and entering; rather he was convicted and punished for his subsequent act of unlawfully possessing a firearm as a convicted felon. *See State v. Crump*, 178 N.C. App. 717, 719, 632 S.E.2d 233, 236 (2006). This assignment of error is overruled.

No error.

Judges McCULLOUGH and STROUD concur.