STATE OF NORTH CAROLINA
v.
JAMES WINCHESTER
No. COA08-595
Court of Appeals of North Carolina
Filed February 3, 2009
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General, I. Faison Hicks, for the State.
William D. Spence for defendant-appellant.
BRYANT, Judge.
James Winchester (defendant) appeals from a judgment entered upon a jury verdict finding him guilty of possession of a firearm by a felon. We find no error.

Facts
Defendant was indicted on charges of one count each of attempted first degree murder, assault with a deadly weapon with intent to kill inflicting serious injury, and possession of a firearm by a felon. At trial, the State presented evidence through the testimony of Johnny Charles Mitchell (Mitchell) that on 24 January 2005, defendant gave him a ride in his white Mitsubishi Gallant from Church Street to Washington Avenue in Reidsville, North Carolina where, for no apparent reason, defendant pulled the vehicle over to the side of the road. Defendant got out of the car, walked to the trunk of the car where he retrieved an assault rifle. According to Mitchell, defendant walked to the passenger side of the car, fired the gun into the air, and told him to get out of the car. When he got out of the car, Mitchell heard a gunshot and fell to the ground. Mitchell's legs had been shot ultimately resulting in the amputation of his lower right leg. When he realized he had been shot, Mitchell crawled out of the road and into the ditch in an attempt to escape defendant. Mitchell testified defendant got into his car and drove away.
Detectives with the Reidsville Police Department found a white Mitsubishi Galant parked on Church street. Detectives determined defendant had rented the vehicle from DP Cars and Trucks on 22 January 2005. The vehicle had a bullet hole under the door frame, and two loaded gun magazines that appeared to be for an AK-47 were removed from the trunk. No weapon was located.
Defendant testified that he gave Mitchell a ride on 24 January 2005; and that Mitchell informed defendant that individuals intended to rob defendant and that Mitchell would sell him an AK-47. Defendant dropped Mitchell off at a residence on Church Street and gave Mitchell his telephone number. Approximately 45 minutes later, Mitchell called defendant and said that he had the gun available for defendant to see. Defendant returned to the Church Street residence where he saw Mitchell standing outside with the gun wrapped in a cloth. Mitchell placed the gun in the trunk of the car, got into the passenger's seat, and defendant drove to a location where they were to shoot the gun.
When they arrived at the location, defendant opened the trunk and Mitchell retrieved the gun. According to defendant, Mitchell fired a shot into the air, then attempted to rob defendant. When Mitchell approached defendant with the gun pointed toward him, defendant grabbed the gun and as the two men wrestled for control, the gun fired. Defendant yanked the gun from Mitchell. Mitchell began to approach defendant again. Defendant pulled the trigger, and Mitchell fell to the ground. Defendant testified he fired the gun because he thought Mitchell was going to kill him. Once defendant fired the gun, he dropped it on the ground, got into his car, and pulled off. As he was driving up the hill, defendant realized one of the tires on the vehicle was going flat. Defendant drove to Church Street, parked the vehicle, jumped out of the car, and ran to Two Brothers' store where he got a ride from a friend. Defendant testified he ran because he was afraid.
On 5 December 2007, a jury found defendant guilty only of the charge of possession of a firearm by a convicted felon. Defendant was sentenced to a minimum of 16 months to a maximum of 20 months imprisonment. Defendant appeals.
On appeal, defendant argues the trial court erred by: (I) denying defendant's motion to dismiss; (II) giving a jury instruction on flight; and (III) accepting the jury verdict and sentencing defendant on the charge of possession of a firearm by a felon.

I
Defendant argues the trial court erred by denying his motion to dismiss at the close of all the evidence. Specifically, defendant argues his possession of the gun was for the temporary purpose of defending himself and was not a criminal act within the meaning of N.C. Gen. Stat. § 14-415.1 We disagree.
The standard for ruling on a motion to dismiss "is whether there is substantial evidence (1) of each essential element of the offense charged and (2) that defendant is the perpetrator of the offense." State v. Lynch, 327 N.C. 210, 215, 393 S.E.2d 811, 814 (1990). Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. State v. Patterson, 335 N.C. 437, 449-50, 439 S.E.2d 578, 585 (1994) (internal quotations omitted). In ruling on a motion to dismiss, all of the evidence must be considered in the light most favorable to the State, and the State is entitled to all reasonable inferences which may be drawn from the evidence. State v. Davis, 130 N.C. App. 675, 679, 505 S.E.2d 138, 141 (1998). "Any contradictions or discrepancies arising from the evidence are properly left for the jury to resolve and do not warrant dismissal." State v. King, 343 N.C. 29, 36, 468 S.E.2d 232, 237 (1996).
Pursuant to N.C.G.S. § 14-415.1 (2007), it is unlawful "for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm . . ." Id. In the present case, defendant contends, not that the State failed to present sufficient evidence of each element of the offense, but that his actions did not violate the "spirit" of the statute. Defendant's argument is without merit.
The State presented sufficient evidence of each element of the offense of possession of a firearm by a felon. Although Mitchell's account of the events surrounding the shooting differed greatly from defendant's account, viewing the evidence in the light most favorable to the State, defendant, a convicted felon, was in possession and control of an AK-47 on 24 January 2005. Defendant testified that he had agreed to purchase a gun from Mitchell, made arrangements with Mitchell to view the gun before purchasing, drove to an agreed upon location to test the gun before purchasing, and took possession of the gun during the altercation with Mitchell.
Defendant also argues that the State failed to present any evidence of defendant's criminal intent, or mens rea, to violate N.C.G.S. § 14-415.1. However, as defendant concedes in his brief, a similar argument was presented and rejected in State v. Haskins, 160 N.C. App. 349, 585 S.E.2d 766 (2003). In Haskins, the defendant was charged with violating N.C. Gen. Stat. § 14-269.2, which prohibited possession of a firearm on school property. Id. at 351, 585 S.E.2d at 768. This Court reasoned that the statute, by its plain language, did not include any reference to criminal intent or mens rea and that insertion of a requirement of criminal intent was not required under Morissette v. United States, 342 U.S. 246, 96 L. Ed. 288 (1952).
As in Haskins, the statute in the present case, by its plain reading, does not contain an element of criminal intent or mens rea. Therefore, this assignment of error is overruled.

II
Defendant next argues the trial court erred by giving a jury instruction on flight. We disagree.
A trial court may give an instruction on flight if there is "some evidence in the record reasonably supporting the theory that defendant fled after commission of the crime charged." State v. Reeves, 343 N.C. 111, 113, 468 S.E.2d 53, 55 (1996) (internal quotations omitted). In the present case, there was evidence tending to show that defendant, after shooting Mitchell, drove away from the scene in his car, abandoned his car when one of the tires became flat, ran to a nearby store, and procured a ride from a friend to his home. This evidence is sufficient to warrant an instruction on flight. Therefore, this assignment of error is overruled.

III
Finally, defendant argues the trial court erred by accepting the jury's verdict of guilty on the charge of possession of a firearm by a felon. As defendant concedes in his brief, this Court has recently rejected this argument in State v. Wood, 185 N.C. App. 227, 647 S.E.2d 679 (2007). We can discern no reason to reexamine or reevaluate our holding in Wood and therefore, decline defendant's invitation to do so. This assignment of error is overruled.
For the foregoing reasons, we find no error.
NO ERROR.
Chief Judge MARTIN and Judge BEASLEY concur.
Report per Rule 30(e).