IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-669

Filed 16 May 2023

Cleveland County, Nos. 20CRS51693-94, 20CRS51858

STATE OF NORTH CAROLINA

v.

TIMOTHY DAVID GUNTER

Appeal by defendant from judgment entered 14 October 2021 by Judge James W. Morgan in Cleveland County Superior Court. Heard in the Court of Appeals 25 April 2023.

> *Attorney General Joshua H. Stein, by Special Deputy Attorney General Daniel Snipes Johnson, for the State.*
>
> *Appellate Defender Glenn Gerding by Assistant Appellant Defender Amanda S. Zimmer, for the defendant-appellant.*
>
> *Paul F. Herzog, for the defendant-appellant.*

TYSON, Judge.

Timothy David Gunter ("Defendant") appeals from judgment entered on a jury's verdict for aiding and abetting possession of a firearm by a felon. Our review reveals no error.

## I. Background

Cleveland County Sheriff's Detectives Aaron Shumate and Timothy Sims were driving in an unmarked vehicle. Detective Shumate observed a black Chevrolet

pickup truck three or four car lengths ahead swerve left of the center line several times while travelling on County Line Road. The Detectives observed two occupants seated inside the pickup truck and observed the passenger reaching all around the vehicle. Detective Shumate initiated a traffic stop.

The truck pulled into a convenience store's parking lot at the intersection of Goforth Road and County Line Road. Detective Shumate approached the passenger side of the truck, while Detective Sims approached the driver's side. Detective Shumate recognized Defendant, seated in the passenger seat of the truck, based upon prior encounters with him.

Detective Shumate asked Defendant to step out of the truck, and Defendant complied with the request. Defendant placed his hands on the side of the truck, and Detective Shumate conducted a *Terry* frisk, but did not find any contraband. Defendant denied Detective Shumate's request to search the truck. Simultaneously, Detective Sims asked the driver, Conner Bryce Wellmon ("Wellmon"), to exit the vehicle. Detective Sims conducted a *Terry* frisk of Wellmon and discovered .32 caliber ammunition located inside his pocket. Detective Sims knew Wellmon was a convicted felon. Backup officers had arrived and stood with Defendant and Wellmon, while Detectives Sims and Shumate searched the truck.

Detectives opened the glove box and found a Glock handgun behind the dash of the truck. A thirty-three round 9mm magazine was found on the floorboard behind the driver's seat and a fifteen round 9mm Glock magazine was found under the

passenger's seat. Loose ammunition was found scattered throughout the truck's interior cabin.

Detective Sims located a nickel-plated .32 caliber revolver under the center seat. Detective Shumate found a clear plastic baggie, on the rear floor between the driver's and passenger's seats, which he believed contained methamphetamine. Defendant was arrested and transported to the county detention center. While being processed, Defendant told Detective Gunter he was surprised the detectives had found methamphetamine inside the truck because he had eaten it. While Detective Gunter was reading Defendant the warrant for carrying a concealed handgun, Defendant stated he had concealed the guns only because he knew Wellmon was a convicted felon.

Defendant was indicted for aiding and abetting possession of a firearm by a felon, possession of methamphetamine, and for carrying a concealed weapon. Defendant moved to dismiss for sufficiency of the evidence at the close of the State's evidence and again at the close of all evidence. The trial court denied both motions. A jury convicted Defendant of all three charges on 14 October 2021.

Defendant was sentenced as a prior record level II offender to an active term of 13 to 25 months, suspended for 24 months of supervised probation. As a condition of supervised probation, Defendant was ordered to serve 30 days in the Cleveland County Jail. Defendant appeals.

## II. Jurisdiction

This Court possesses jurisdiction pursuant to N.C. Gen. Stat. §§ 7A-27(b)(1) and 15A-1444(a) (2021).

## III.    Issues

Defendant challenges his conviction for aiding and abetting possession of a firearm by a felon. Defendant first argues the indictment was fatally defective. He also asserts the trial court erred by denying Defendant's motion to dismiss for insufficiency of the evidence.

## IV.    Fatal Defect

### A. Standard of Review

North Carolina Rules of Appellate Procedure 10(a)(1) delineates the procedures for preserving errors on appeal:

> In order to preserve an issue for appellate review, a party must have presented to the trial court a timely request, objection, or motion, stating the specific grounds for the ruling the party desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection, or motion.

N.C. R. App. P. 10(a)(1). Rule 10(a)(1) requires a defendant to "preserve the right to appeal a fatal variance." *State v. Mason*, 222 N.C. App. 223, 226, 730 S.E.2d 795, 798 (2012) (citations omitted).

Our Supreme Court held in *State v. Golder* that a defendant's blanket motion to dismiss at the close of the state's evidence and renewed again at the close of all the evidence "preserves all issues related to sufficiency of the State's evidence" arguments

- 4 -

for appellate review. *State v. Golder*, 374 N.C. 238, 246, 839 S.E.2d 782, 788 (2020) ("Because our case law places an affirmative duty upon the trial court to examine the sufficiency of the evidence against the accused for every element of each crime charged, . . . under Rule 10(a)(3), a defendant's motion to dismiss preserves all issues related to sufficiency of the State's evidence for appellate review.").

This Court explained the ambiguity about whether a defendant's general and generic motion to dismiss for insufficiency of the evidence properly preserves a defendant's fatal defect argument on appeal in *State v. Mackey*:

> Post-*Golder*, our Supreme Court has not affirmatively held whether a general motion to dismiss preserves a defendant's fatal variance objection for appeal as a "sufficiency of the State's evidence" objection under *Golder*. *Id.*; *State v. Smith*, 375 N.C. 224, 228, 846 S.E.2d 492, 494 (2020) (explaining this Court in *State v. Smith*, 258 N.C. App. 698, 812 S.E.2d 205 (2018), "concluded [ ] defendant's *fatal variance argument was not preserved* because it was not expressly presented to the trial court[,]" while also acknowledging this Court had reached its decision before our Supreme Court issued *Golder*) (emphasis supplied) (citation omitted). The Supreme Court in *Smith*, "assum[ed] without deciding that defendant's fatal variance argument was preserved[.]" *Id.* at 231, 846 S.E.2d at 496.
> Since *Smith* and *Golder*, criminal defendants before this Court assert "the Supreme Court in *Golder* [had] 'assumed without deciding' that 'issues concerning fatal variance are preserved by a general motion to dismiss.'" *See State v. Brantley-Phillips*, 278 N.C. App. 279, 286, 2021-NCCOA-307, ¶ 21, 862 S.E.2d 416, 422 (2021).

*State v. Mackey*, __ N.C. App. __, __, 2022-NCCOA-715, ¶24-25, 882 S.E.2d 405, 409 (2022).

Here, like in *Mackey*, this Court again presumes, "without deciding", Defendant's general and generic motion to dismiss for sufficiency of the evidence preserved his fatal variance objections. *Id.*

## B. Analysis

An indictment "is fatally defective if it fails to state some essential and necessary element of the offense of which the defendant is found guilty." *State v. Ellis*, 368 N.C. 342, 344, 776 S.E.2d 675, 677 (2015) (citation and quotation marks omitted).

A defendant is guilty of aiding and abetting another person in committing a crime if: "(i) the crime was committed by some other person; (ii) the defendant knowingly advised, instigated, encouraged, procured, or aided the other person to commit that crime; and (iii) the defendant's actions or statements caused or contributed to the commission of the crime by that other person." *State v. Goode*, 350 N.C. 247, 260, 512 S.E.2d 414, 422 (1999) (citation omitted).

N.C. Gen. Stat. § 14–415.1(a) provides: "It shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm [.]" N.C. Gen. Stat. § 14–415.1(a) (2021) "Thus, the State need only prove two elements [beyond a reasonable doubt] to establish the crime of possession of a firearm by a felon: (1) defendant was previously convicted of a felony; and (2) thereafter possessed a firearm." *State v. Wood*, 185 N.C. App. 227, 235, 647 S.E.2d 679, 686 (2007).

The indictment charging Defendant with aiding and abetting the possession of a firearm by a felon asserted Defendant did "unlawfully, willfully, and feloniously":

> Aid and abet, Conner Bryce Wellmon, by concealing two handguns for Conner Bryce Wellmon prior to a traffic stop knowing that Mr. Wellmon was convicted of obtaining property by false pretense, a class H felony with a maximum sentence of 39 months in prison. The felony was committed on 11/26/2014 and Mr. Wellmon was convicted of that felony on 08/05/2015 and he received a 6-17 month active sentence that was suspended for 30 months of supervised probation in Cleveland County file number 14 CRS 55542.

(all caps in original).

The indictments included the necessary elements for the crime of aiding and abetting the possession of a firearm by a felon. N.C. Gen. Stat. § 14–415.1(a); *Wood*, 185 N.C. App. at 235, 647 S.E.2d at 686. Defendant's argument is without merit and overruled.

## V. Sufficiency of the Evidence

Defendant argues the State was required to produce evidence of Defendant's intent, despite the absence of an intent requirement in N.C. Gen. Stat. § 14–415.1(a), because the indictment referenced Defendant's knowledge of Wellmon's prior felony conviction. Defendant cites cases wherein North Carolina's appellate courts have held insufficient evidence of intent existed to support a conviction for crimes with an specific intent element, such as burglary and breaking and entering.

## A. Standard of Review

"[T]he denial of a motion to dismiss for insufficiency of the evidence is a question of law reviewed de novo (sic) by the appellate court." *State v. Barnett*, 368 N.C. 710, 713, 782 S.E.2d 885, 888 (2016). "Under a *de novo* review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal." *State v. Williams*, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008) (citation and quotation marks omitted).

This Court reviews whether sufficient evidence existed to support a criminal conviction by considering the evidence "in the light most favorable to the State; the State is entitled to every reasonable intendment and every reasonable inference to be drawn therefrom." *Golder*, 374 N.C. at 250, 839 S.E.2d at 790 (citation and internal quotation marks omitted).

## B. Analysis

"In ruling on a motion to dismiss, the trial court need determine only whether there is substantial evidence of each essential element of the crime and that the defendant is the perpetrator." *State v. Winkler*, 368 N.C. 572, 574, 780 S.E.2d 824, 826 (2015) (citation and internal quotation marks omitted).

Possession of a firearm by a felon only requires the State to prove two elements: "(1) defendant was previously convicted of a felony; and (2) thereafter possessed a firearm." *Wood*, 185 N.C. App. at 235, 647 S.E.2d at 686.

> Possession of a firearm may be actual or constructive. Actual possession requires that the defendant have physical or personal custody of the firearm. In contrast,

> the defendant has constructive possession of the firearm when the weapon is not in the defendant's physical custody, but the defendant is aware of its presence and has both the power and intent to control its disposition or use. When the defendant does not have exclusive possession of the location where the firearm is found, the State is required to show other incriminating circumstances in order to establish constructive possession. Constructive possession depends on the totality of the circumstances in each case.

*State v. Taylor*, 203 N.C. App. 448, 459, 691 S.E.2d 755, 764 (2010) (internal citations omitted).

Here, the State presented evidence which tended to show Defendant had provided the firearm to Wellmon. The State also presented evidence which tended to show Defendant knew of Wellmon's prior felony conviction. Detective Shumate testified that, when he arrested Defendant for concealing a handgun, Defendant "uttered that he [had] only concealed the guns because he knew Conner Wellmon was a convicted felon." Detective Sims corroborated this information, testifying Defendant stated "the only reason that [he] even hid the gun or threw the guns and concealed them was because [he] thought Mr. Wellmon was a felon and [he] didn't want him to get in trouble."

The State's evidence sufficiently supports Defendant's conviction for aiding and abetting the possession of a firearm by a felon. *Winkler*, 368 N.C. at 574, 780 S.E.2d at 826; *Wood*, 185 N.C. App. at 235, 647 S.E.2d at 686; *Taylor*, 203 N.C. App. at 459, 691 S.E.2d at 764. Defendant's argument is without merit.

## VI.    Conclusion

The indictment charging Defendant with aiding and abetting the possession of a firearm by a felon included the necessary elements outlined in N.C. Gen. Stat. § 14–415.1(a). *Wood*, 185 N.C. App. at 235, 647 S.E.2d at 686.  Defendant's argument asserting his indictment was fatally defective is overruled.

The State presented sufficient evidence for the trial court to overrule Defendant's motion to dismiss and submit the charge to the jury.  *Winkler*, 368 N.C. at 574, 780 S.E.2d at 826; *Wood*, 185 N.C. App. at 235, 647 S.E.2d at 686; *Taylor*, 203 N.C. App. at 459, 691 S.E.2d at 764.

Defendant received a fair trial, free from prejudicial errors he preserved and argued on appeal.  We find no error in the jury's verdicts or in the judgment entered thereon.  *It is so ordered.*

NO ERROR.

Judges COLLINS and RIGGS concur.