STATE OF NORTH CAROLINA v. LINWOOD HARDY

No. 838SC380

(Filed 6 March 1984)

**1. Criminal Law § 92.3; Weapons and Firearms § 2— possession of firearm by convicted felon—consolidation with other related charges**

The statute requiring separate indictments on charges of unlawful possession of a firearm by a convicted felon and other related offenses, G.S. 14-415.1(c), does not preclude the consolidation of these offenses for trial.

**2. Criminal Law § 92.3— consolidation of charges against same defendant**

The trial court did not abuse its discretion in consolidating for trial charges against defendant for possession of a firearm by a convicted felon and for breaking or entering and larceny of the firearm where the evidence tended to show that defendant had constructive possession of the firearm so soon after it was stolen and under such circumstances as to raise an inference that he was guilty of·the breaking or entering and the larceny. G.S. 15A-926.

**3. Burglary and Unlawful Breakings § 5.4; Weapons and Firearms § 2— possession of firearm by convicted felon—breaking or entering and larceny—sufficiency of evidence**

The State's evidence was sufficient to support defendant's conviction of unlawful possession of a firearm by a convicted felon and his conviction of felonious breaking or entering and felonious larceny under the doctrine of possession of recently stolen property where it tended to show that a televi-

sion set and a .38 caliber pistol were stolen in a break-in at a residence be-
tween 6:00 a.m. and 3:00 p.m.; at about 4:30 p.m. on the same day the stolen
pistol was found under the hood of a vehicle driven by defendant which was
under his personal and exclusive control and which had not been driven by
anyone else on the date in question; and defendant had been convicted in 1980
of attempted common law robbery.

APPEAL by defendant from *Stevens, Judge.* Judgment en-
tered 4 November 1982 in Superior Court, WAYNE County. Heard
in the Court of Appeals 29 November 1983.

On 20 September 1982, defendant was indicted in case No.
82CRS12214 for the crime of the unlawful possession of a firearm
by a convicted felon. Also on 20 September 1982, in a separate six
count bill of indictment designated under the separate case num-
bers 82CRS5356A and 82CRS5357A, defendant was charged with
felonious breaking or entering, felonious larceny, felonious receiv-
ing of stolen goods, felonious possession of stolen property,
unlawful alteration and removal of the permanent serial number
from a firearm, and the unlawful possession of a firearm of which
the permanent serial number had been destroyed or removed.

The trial court denied defendant's pre-trial motion to sever
the offense in case No. 82CRS12214 from the offenses contained in
the six count indictment for purposes of trial. The jury returned
guilty verdicts on the charges of felonious breaking or entering,
felonious larceny, felonious possession of stolen property and
felonious possession of a handgun by a convicted felon. Upon its
own motion, the trial court set aside the verdict of felonious
possession of stolen property and dismissed the charge. From the
verdicts and entry of judgments in the other convictions, defend-
ant appeals.

*Attorney General Edmisten, by Special Deputy Attorney
General John R. B. Matthis and Assistant Attorney General
James C. Gulick, for the State.*

*Hulse & Hulse, by Donald M. Wright, for defendant appel-
lant.*

JOHNSON, Judge.

The State's evidence tended to show that on 26 April 1982
between 6:15 a.m. and 3:30 p.m., the home of Clara Johnson was

broken into and a .38 caliber revolver and a black and white TV set were stolen. Officer Flannagan arrived at the Johnson's residence to investigate the break-in at about 4:00 p.m. the same day. After taking a report from Ms. Johnson, Officer Flannagan received a telephone call from Officer W. C. Goodman regarding the crimes. On the basis of the phone call, Officer Flannagan went to the Bob's Supermarket parking lot to look out for a vehicle being driven by defendant. At about 4:30 p.m., Officer Flannagan observed defendant operating a vehicle which defendant then parked in front of the Gold Wayne Grocery Store, located across the street from Bob's Supermarket. Defendant's brother, Ricky Hardy and two other persons were passengers in the vehicle. Defendant emerged from the vehicle, walked to the front and then opened and raised the hood. Officer W. C. Goodman arrived and joined Officer Flannagan. They approached defendant, explained their reason for being there and requested permission to search the vehicle. Defendant consented to a search of the interior and under the hood of the vehicle. Between the battery and the grill of the car, Officer Flannagan found the revolver taken from the Johnson residence. The serial number of the firearm had been removed.

Defendant testified that the car belonged to his mother and that he knew nothing about the crimes he was charged with. Defendant further testified he knew nothing of the presence of the gun under the hood of the vehicle and that to his knowledge no one else drove the car on the date in question. Ricky Hardy testified that he found the gun in a dumpster near the victim's residence, hid it under the hood of the car and told no one about the existence of the gun or where he hid it.

In rebuttal, Officer Goodman testified that both defendant and Ricky Hardy denied any knowledge of the presence of the gun.

[1] Defendant first contends the trial court erred in the denial of his pre-trial motion to sever the indictment charging defendant with the unlawful possession of a firearm by a convicted felon from the charges contained in the other indictment for the purposes of trial. Defendant argues that the requirement of G.S. 14-415.1(c) for separate indictments on the charges of unlawful possession of a firearm by a convicted felon and other related of-

fenses also precludes consolidation of these offenses for trial and that the consolidation was prejudicial as a matter of law. G.S. 14-415.1(c) provides that an indictment charging the defendant with the crime of unlawful possession of a firearm by a convicted felon shall be separate from any indictment charging him with other offenses related to or giving rise to a charge under that section. Defendant cites no authority for his contentions, but simply states that the General Assembly must have intended a preclusion of consolidation by requiring a separate bill of indictment. We disagree. Had the General Assembly also intended to preclude consolidation of the related offenses for trial by the requirement of a separate bill of indictment, we believe the General Assembly would have so stated.

Defendant's argument as to the desirability of separate trials in cases such as this is properly one for the lawmakers in the legislature rather than the courts. The principle is well settled that a statute must be construed as written and where the language of the statute is clear and unambiguous, there is no room for judicial construction. The courts must give the statute its plain and definite meaning and are without power to interpolate or to superimpose provisions not contained therein. *State v. Camp,* 286 N.C. 148, 209 S.E. 2d 754 (1974). G.S. 14-415.1(c) is clear and unambiguous. It is silent as to the question of consolidation and it simply requires a separate indictment. The mere fact of a requirement of separate indictments constitutes no bar, in and of itself, to consolidation.

[2] G.S. 15A-926 permits joinder of offenses[1] for trial which are based (1) on the same act or transaction or (2) on a series of acts or transactions connected together or constituting parts of a single scheme or plan. Accordingly, while courts may disallow consolidation upon a finding of prejudice to the defendant,[2] the

---

1. The term "offense" has also been construed to mean indictment. *See State v. Jones,* 47 N.C. App. 554, 268 S.E. 2d 6 (1980).

2. 15A-927(b) provides that, "[t]he court on motion of the prosecutor or on motion of the defendant, must grant a severance of offenses whenever: (1) If before trial, it is found necessary to promote a fair determination of the defendant's guilt or innocence of each offense; or (2) If during trial, upon motion of the defendant or motion of the prosecutor with the consent of the defendant, it is found necessary to achieve a fair determination of the defendant's guilt or innocence of each offense."

question of whether to join the offenses for trial is addressed to the sound discretion of the trial judge and will not be disturbed absent a showing of abuse of discretion. *State v. Bracey*, 303 N.C. 112, 277 S.E. 2d 390 (1981). The transactional connection between the two indictments in this case is demonstrated by evidence which tended to show that defendant had constructive possession of the firearm so soon after it was stolen and under such circumstances as to raise an inference that he is guilty of the breaking and entering and larceny of the pistol. Defendant has failed to show any prejudice by the consolidation, nor has he shown an abuse of discretion by the trial judge. We find that the trial judge's decision to consolidate the charges was consistent with the guidelines set forth in G.S. 15A-926 and did not constitute an abuse of discretion. Accordingly, defendant's assignment of error is without merit.

[3]  Defendant next contends the trial court erred in the denial of his motions for dismissal made at the close of the State's evidence and at the close of all the evidence. Defendant argues that the State presented no direct evidence of defendant having placed the pistol under the hood.

By introducing evidence after the denial of his motion to dismiss made at the close of the State's evidence, defendant waived his exception to the denial of that motion, and only his motion to dismiss at the close of all the evidence need be considered in determining the sufficiency of the evidence to submit the case to the jury. *State v. Robbins*, 275 N.C. 537, 169 S.E. 2d 858 (1969). Defendant's motion to dismiss presented the question of whether the State had presented substantial evidence whether circumstantial, direct or both, that defendant broke and entered into Ms. Johnson's residence and stole the pistol therefrom, and that at the time he possessed the pistol he was a convicted felon. We must consider this question in light of all the evidence and take the evidence in the light most favorable to the State. *State v. Robbins, supra.*

In this case, the evidence tended to show that on 26 April 1982, there was a break-in at Ms. Johnson's residence between 6:00 a.m. and 3:00 p.m. and that a small television set and a .38 caliber revolver were stolen; at about 4:30 p.m. on the day of the break-in the revolver was found under the hood of a vehicle

driven by defendant which was under his personal and exclusive control and to which defendant consented to have searched. Defendant testified that to his knowledge no one else drove the car on the date in question. Further, that in 1980 he was convicted of attempted common law robbery.

The doctrine of recent possession of stolen property raises the inference that defendant is guilty of the breaking and entering and of the larceny of the pistol. *See State v. Muse*, 280 N.C. 31, 185 S.E. 2d 214 (1971), *cert. denied*, 406 U.S. 974 (1972). Although this presumption depends on circumstantial evidence, the evidence here was sufficient for the jury to find beyond a reasonable doubt that defendant had constructive possession of the revolver and that his possession was so soon after it was stolen and under such circumstances as to make it unlikely that he obtained possession honestly and that defendant was guilty of committing the crimes. *See State v. Lewis*, 281 N.C. 564, 189 S.E. 2d 216, *cert. denied*, 409 U.S. 1046 (1972) (defendant was convicted of larceny of stolen goods found in the trunk of a car to which defendant had exclusive control and defendant gave the officers the keys and consent to open and search the trunk). A consideration of all the evidence discloses facts which constitute substantial evidence, giving rise to a reasonable inference that defendant broke and entered the victim's residence and once inside stole the revolver which was later found in his constructive possession. Thus, the trial court properly denied defendant's motion to dismiss.

Our ruling on defendant's second assignment of error is dispositive of his remaining assignments of error which also questions the sufficiency of the evidence.

In defendant's trial we find

No error.

Judges ARNOLD and PHILLIPS concur.