STATE OF NORTH CAROLINA v. DEANO DONDAY FLOYD

No. 390A94

(Filed 4 April 1996)

**1. Jury § 260 (NCI4th)— peremptory challenges—racially neutral reasons**

The trial court did not err by finding that the prosecutor in a trial for armed robberies and aggravated assault did not exercise peremptory challenges in a racially discriminatory manner in violation of the Equal Protection Clause of the U.S. Constitution or Article I, Sections 19 and 26 of the N.C. Constitution where the prosecutor peremptorily challenged four black potential jurors and one Hispanic potential juror, and the prosecutor articulated the following racially neutral reasons for peremptorily challenging those five potential jurors: the first juror was excused because she stated her duty was just to be fair when asked what her duty would be if the State proved guilt beyond a reasonable doubt, and she had a son who had been convicted of breaking or entering; the second juror was excused because he had been charged with three assaults and communicating a threat, and he had a relative who was involved in an armed robbery similar to the robberies in this case; the third juror was excused because her responses indicated she was headstrong and the prosecutor had trouble making eye contact with her because of her tinted glasses; the fourth juror was excused because she had been involved in an incident involving drugs and had been charged with writing bad checks; and the Hispanic juror was excused because he had been charged with driving while impaired and had not been promoted in the military as he should have been.

**Am Jur 2d, Jury § 244.**

**Use of peremptory challenge to exclude from jury persons belonging to a class or race. 79 ALR3d 14.**

**Use of peremptory challenges to exclude ethnic and racial groups, other than black Americans, from criminal jury—post-*Batson* state cases. 20 ALR5th 398.**

**Use of peremptory challenges to exclude ethnic and racial groups, other than black Americans, from criminal jury—post-*Batson* federal cases. 110 ALR Fed. 690.**

**2. Jury § 259 (NCI4th)— peremptory challenges—disparate treatment of jurors—racial discrimination not shown**

Disparate treatment of potential jurors does not necessarily show racial discrimination in the exercise of peremptory challenges.

**Am Jur 2d, Jury § 244.**

**Use of peremptory challenge to exclude from jury persons belonging to a class or race. 79 ALR3d 14.**

**Use of peremptory challenges to exclude ethnic and racial groups, other than black Americans, from criminal jury—post-*Batson* state cases. 20 ALR5th 398.**

**Use of peremptory challenges to exclude ethnic and racial groups, other than black Americans, from criminal jury—post-*Batson* federal cases. 110 ALR Fed. 690.**

**3. Jury § 248 (NCI4th)— peremptory challenges—absence of racial discrimination—findings not required**

The trial court was not required to make findings of facts in its order overruling defendant's objections to the prosecutor's peremptory challenges of black and Hispanic potential jurors where there was no material conflict in the evidence.

**Am Jur 2d, Jury § 244.**

**Use of peremptory challenge to exclude from jury persons belonging to a class or race. 79 ALR3d 14.**

**Use of peremptory challenges to exclude ethnic and racial groups, other than black Americans, from criminal jury—post-*Batson* state cases. 20 ALR5th 398.**

**Use of peremptory challenges to exclude ethnic and racial groups, other than black Americans, from criminal jury—post-*Batson* federal cases. 110 ALR Fed. 690.**

**4. Jury § 240 (NCI4th)— peremptory challenge—criminal record as justification**

It was not error for the State to use the criminal record of a potential juror as a justification for peremptorily challenging him when the juror was not questioned about the record.

STATE v. FLOYD

[343 N.C. 101 (1996)]

**Am Jur 2d, Jury § 244.**

**Use of peremptory challenge to exclude from jury persons belonging to a class or race. 79 ALR3d 14.**

**Use of peremptory challenges to exclude ethnic and racial groups, other than black Americans, from criminal jury—post-*Batson* state cases. 20 ALR5th 398.**

**Use of peremptory challenges to exclude ethnic and racial groups, other than black Americans, from criminal jury—post-*Batson* federal cases. 110 ALR Fed. 690.**

Appeal by defendant pursuant to N.C.G.S. § 7A-30(2) from a divided panel of the Court of Appeals, 115 N.C. App. 412, 445 S.E.2d 54 (1994), finding no error in a trial that resulted in convictions and sentences imposed by Britt (Joe Freeman), J., at the 8 February 1993 mixed session of Superior Court, Cumberland County. Heard in the Supreme Court 13 October 1995.

The defendant was tried on three counts of armed robbery and one count of assault with a deadly weapon with intent to kill inflicting serious injury. He was convicted of all charges and received sentences totaling sixty-five years in prison. The Court of Appeals found no error, with one judge dissenting.

The defendant appealed to this Court.

*Michael F. Easley, Attorney General, by John G. Barnwell, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Appellate Defender, and Gordon Widenhouse, Assistant Appellate Defender, for defendant-appellant.*

*Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, P.A., by Anita S. Hodgkiss for NAACP, NAACP Legal Defense Fund, North Carolina Association of Black Lawyers, ACLU of North Carolina Legal Foundation, and North Carolina Academy of Trial Lawyers, amici curiae.*

WEBB, Justice.

[1] The defendant in this case challenges the selection of the jury for what he contends was a violation of his right to the equal protection of the laws. He says this is so because the prosecuting attorney dis-

criminated against him, a black person, in the exercise of peremptory challenges to prospective jurors.

The question raised by the defendant's assignment of error is treated in *Purkett v. Elem*, — U.S. —, 131 L. Ed. 2d 834 (1995), *Hernandez v. New York*, 500 U.S. 352, 114 L. Ed. 2d 395 (1991), and *Batson v. Kentucky*, 476 U.S. 79, 90 L. Ed. 2d 69 (1986). These cases establish that the Equal Protection Clause forbids a party from challenging potential jurors solely on account of their race. When a defendant objects to a peremptory challenge on the ground that it is racially discriminatory, the court must make a three-step analysis. First, it must determine if the defendant has established a *prima facie* case of racial discrimination. One way of establishing a *prima facie* case is by reviewing the pattern of strikes against members of a race in the case to be tried.

If the defendant establishes a *prima facie* case of racial discrimination, the second step of the analysis requires the prosecutor to articulate some racially neutral reason for exercising the strike. The reason does not have to be plausible. *Purkett v. Elem*, — U.S. —, —, 131 L. Ed. 2d 834, 839. Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed racially neutral.

If the prosecutor articulates a racially neutral reason for a peremptory strike, the court must then take the third step in the analysis, which is to determine whether the defendant has established purposeful discrimination. Whether the prosecutor intended to discriminate against the members of a race is a question of fact, the trial court's ruling on which must be accorded great deference by a reviewing court. This is so because often there will be little evidence except the statement of the prosecutor, and the demeanor of the prosecutor can be the determining factor. The presiding judge is best able to determine the credibility of the prosecutor. Disparate treatment of potential jurors should be considered, but it is not determinative.

The State exercised five of its six peremptory challenges to excuse four potential black jurors and one potential juror who identified himself as an Hispanic. The jury was composed of eleven white persons and one American Indian. The court held that the defendant had made a *prima facie* case of racial discrimination.

The prosecutor articulated his reasons for excusing the potential jurors. He said that a Ms. Kinlaw was excused because when he asked

her, "Should the state prove guilt beyond a reasonable doubt, do you understand what your duty would be as a juror?" she said, "Yes, just to be fair about the hearing." The other jurors, when asked this question, said their duty would be to find the defendant guilty. The prosecutor said he did not think Ms. Kinlaw understood her duty as a juror. Ms. Kinlaw also had a son who had been convicted of breaking or entering, and the prosecutor said this might keep her from being a good juror.

The prosecutor then stated that he excused a Mr. Dixon because he had been charged with three separate assaults and with communicating a threat. In addition, he had a relative involved in an armed robbery similar to the robberies in this case.

The prosecutor said he excused a Ms. Hawkins because she appeared very headstrong. He based this on her description of her job, which made him think she enjoyed telling people "where to go and where not to go." He also relied, for this conclusion, on her statement that she told her daughter to quit her job because she was not being paid enough. He also said Ms. Hawkins wore tinted glasses, and he had trouble making eye contact with her.

As to a Ms. Spencer, the prosecutor said that he challenged her because she had been in an incident that involved drugs and that on at least eight occasions, she had been charged with writing bad checks.

A potential juror, Mr. Pomare, who identified himself as an Hispanic, was challenged by the prosecutor because the prosecutor said that Mr. Pomare had been charged with driving while impaired. The prosecutor also said Mr. Pomare had not been promoted in the military as he should have been.

The court found that the prosecutor had offered racially neutral explanations for each of the peremptory challenges and accepted them as clear and legitimate explanations. There was no discriminatory intent inherent in the prosecutor's explanations. Unless we are convinced that this finding of fact is clearly erroneous, we cannot disturb it. *Hernandez*, 500 U.S. at 374, 114 L. Ed. 2d at 416. We cannot say it is clearly erroneous.

[2]  The defendant argues that the disparate treatment between potential white and black jurors shows a discriminatory intent by the prosecutor. He says potential white jurors who had the same qualities as challenged potential black jurors were not challenged. In *State v.*

STATE v. FLOYD

[343 N.C. 101 (1996)]

*Porter*, 326 N.C. 489, 501, 391 S.E.2d 144, 152 (1990), we rejected the argument that disparate treatment of potential jurors is necessarily dispositive. In that case, we said many factors govern the decision to accept or reject a potential juror. A quality which might cause the rejection of one person as a juror does not necessarily cause the rejection of another person as a juror, because the second person may have other qualities which would cause him or her to be a good juror. *See also State v. Jackson*, 322 N.C. 251, 256-57, 368 S.E.2d 838, 841 (1988), *cert. denied*, 490 U.S. 1110, 104 L. Ed. 2d 1027 (1989).

[3] The defendant also takes issue with the court's failure to find facts in its order overruling his objection to the challenges to the potential jurors. Where there is no material conflict in the evidence, which is what we have in this case, no findings of fact are necessary. *Porter*, 326 N.C. at 502, 391 S.E.2d at 153.

[4] The defendant also contends it was error for the State to use a criminal record of a potential juror as a justification for challenging him when the potential juror was not questioned about it. We held it was permissible to do so in *State v. Kandies*, 342 N.C. 419, 467 S.E.2d 67 (1996).

The defendant says that in addition to a violation of the Fourteenth Amendment to the Constitution of the United States, the peremptory challenges of the potential black jurors in this case violate Article I, Sections 19 and 26 of the North Carolina Constitution. In *Jackson v. Housing Auth. of High Point*, 321 N.C. 584, 364 S.E.2d 416 (1988), we held that Article I, Section 26 of the North Carolina Constitution forbids the exercise of peremptory challenges based on race. *Jackson* does not promulgate a test to determine whether such a challenge has been made. We see no reason why the test under our state Constitution should be different from the test under the Constitution of the United States. We hold that the peremptory challenges exercised by the State in this case did not violate the North Carolina Constitution.

The defendant's assignment of error is overruled.

AFFIRMED.