STATE OF NORTH CAROLINA
v.
JEREMY JARRHA HERRING.
No. COA07-1506
Court of Appeals of North Carolina
Filed July 1, 2008
This case not for publication
ARROWOOD, Judge.
Defendant appeals from judgment entered 16 November 2006 convicting him of two counts of attempted robbery with a dangerous weapon, one count of conspiracy to commit robbery with a dangerous weapon, possession of a firearm by a felon, and possession of a weapon of mass destruction. Defendant pled guilty to having attained the status of an habitual felon. From this judgment, Defendant appeals. We find no error in part, and vacate and remand in part.
The record tends to show that Jeremy Herring (Defendant) and Aaron Oliver (Oliver) worked together at a restaurant in Raleigh, North Carolina. On 20 June 2006, Defendant drove Oliver from Clayton to Raleigh at approximately 10:30 P.M., and Defendant transported a gun in a bag for the purpose of robbing someone. Defendant allegedly intended that Oliver would help with the robbery.
At approximately 12:00 midnight, Defendant and Oliver saw two girls walking, and Defendant said, "[b]ro, we're going to get these girls." Defendant then told Oliver to point the gun out of the car window. Oliver took the "9mm sawed off rifle" from the backseat of the car and rolled down the car window. Oliver advised Defendant that this tactic was an inappropriate way to execute a robbery, saying "[y]ou can't do this in a car." Nonetheless, Oliver did as Defendant asked and pointed the firearm at the two women, stating "[l]et me get it[.]" Oliver meant for the girls to give him whatever they had. The women turned and ran away.
Defendant and Oliver then drove a few blocks down the street and stopped the car. Oliver stated that he did not wish to be caught with the gun. Oliver began walking with the bag containing the gun, and Defendant saw a police vehicle approach. Defendant cautioned Oliver to leave the gun behind, and Oliver tossed the bag and the gun under a van and walked off. Sergeant Kenneth Huff (Huff), a Raleigh police officer, watched Oliver toss the bag under the van and decided to approach the two men.
Huff stated, "[h]ey, fellows, hold up[,]" but Oliver continued to walk away. Huff asked the men to accompany him back to his patrol car, and Huff radioed for assistance. Meanwhile, Huff received information that a robbery had recently occurred on a nearby street, and a description was given including a reference to a gun with chrome. When two officers arrived to assist Huff, he retrieved the gun from underneath the van, and Defendant and Oliver were placed under arrest.
On 24 June 2006, Defendant was indicted on two counts of attempted robbery with a dangerous weapon and conspiracy to commit robbery with a dangerous weapon, one count of possession of a firearm by a felon, and possession of a weapon of mass destruction. Defendant was also indicted for attaining the status of an habitual felon. On 16 November 2006, a jury returned guilty verdicts on two counts of attempted robbery with a dangerous weapon, one count of conspiracy to commit robbery with a dangerous weapon, possession of a firearm by a felon, and possession of a weapon of mass destruction. Defendant also pled guilty to attaining the status of an habitual felon. On 16 November 2006, the court consolidated all the counts and entered judgment against Defendant consistent with the jury's verdicts, sentencing Defendant to 100 to 129 months incarceration. From this judgment, Defendant appeals.
Defendant argues that the indictment for possession of a firearm by a felon was fatally defective under N.C. Gen. Stat. § 14-415.1(c) because the charge was included as a separate count in a single indictment also charging Defendant with possession of a weapon of mass destruction. We agree.
Preliminarily, we note that Defendant failed to raise this issue before the trial court. Nevertheless, "where an indictment is alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a challenge to that indictment may be made at any time, even if it was not contested in the trial court." State v. Wallace, 351 N.C. 481, 503, 528 S.E.2d 326, 341 (2000). "A valid bill of indictment is essential to the jurisdiction of the Superior Court to try an accused for a felony and have the jury determine his guilt or innocence, `and to give authority to the court to render a valid judgment.'" State v. Moses, 154 N.C. App. 332, 334, 572 S.E.2d 223, 226 (2002) (quoting State v. Ray, 274 N.C. 556, 562, 164 S.E.2d 457, 461 (1968)).
"North Carolina law has long provided that `[t]here can be no trial, conviction, or punishment for a crime without a formal and sufficient accusation. In the absence of an accusation the court a[c]quires no jurisdiction [whatsoever], and if it assumes jurisdiction a trial and conviction are a nullity.'"
State v. Kelso, ___ N.C. App. ___, ___, 654 S.E.2d 28, 31 (2007) (quoting State v. Neville, 108 N.C. App. 330, 332, 423 S.E.2d 496, 497 (1992)); see also State v. Simpson, 302 N.C. 613, 616, 276 S.E.2d 361, 363 (1981) (stating that "a valid bill of indictment is essential to the jurisdiction of the [trial] court to try [an accused] for a felony"). "We review the issue of insufficiency of an indictment under a de novo standard of review." State v. Marshall, ___ N.C. App. ___, ___, 656 S.E.2d 709, 712 (2008).
The statute prohibiting the possession of a firearm by a felon, N.C. Gen. Stat. § 14-415.1 (2007), states, in pertinent part, the following:
(a) It shall be unlawful for any person who has been convicted of a felony to purchase, own, possess, or have in his custody, care, or control any firearm or any weapon of mass death and destruction as defined in G.S. 14-288.8(c). . . .
(c) The indictment charging the defendant under the terms of this section shall be separate from any indictment charging him with other offenses related to or giving rise to a charge under this section.

(emphasis added).
"The principle is well settled that a statute must be construed as written and where the language of the statute is clear and unambiguous, there is no room for judicial construction." State v. Hardy, 67 N.C. App. 122, 125, 312 S.E.2d 699, 702 (1984). "The courts must give the statute its plain and definite meaning and are without power to interpolate or to superimpose provisions not contained therein." Id.; see also State v. Camp, 286 N.C. 148, 152, 209 S.E.2d 754, 756 (1974). In Hardy, Court stated that although N.C. Gen. Stat. § 14-415.1, "is silent as to the question of consolidation [of offenses for trial, the statute] simply requires a separate indictment." Hardy, 67 N.C. App. at 125, 312 S.E.2d at 702. By comparison, our Supreme Court held, in construing the Habitual Felons Act[1], that: "[T]he statute's plain meaning is . . . that the habitual felon indictment must be a separate document[.]" State v. Patton, 342 N.C. 633, 635, 466 S.E.2d 708, 710 (1996). N.C. Gen. Stat. § 14-7.3 "contemplates two separate indictments, one for the predicate substantive felony and one for the ancillary habitual felon charge." State v. Cheek, 339 N.C. 725, 728, 453 S.E.2d 862, 863 (1995).
The indictment in the instant case contained two counts: (1) possession of a firearm by a felon pursuant to N.C. Gen. Stat. § 14-415.1, and (2) possession of a weapon of mass destruction pursuant to N.C. Gen. Stat. § 14-288.8. Defendant specifically argues that the trial court lacked jurisdiction to sentence Defendant for possession of a firearm by a convicted felon and possession of a weapon of mass destruction because the State failed to obtain a separate indictment for the charge of possession of a firearm by a felon as required by N.C. Gen. Stat. § 14-415.1. The first count of the indictment stated that "on or about the 21st day of June, 2006, . . . the [D]efendant named above unlawfully, willfully, and feloniously did possess a 9mm sawed off rifle. The [D]efendant had previously been convicted of [a] . . . felony." The second count of the same indictment stated that "on or about the 21st day of June, 2006, . . . the [D]efendant named above unlawfully, willfully, and feloniously did possess a weapon of mass death and destruction, a 9mm sawed off rifle."
The pertinent question on appeal is whether the offense of possession of a weapon of mass destruction, a charge arising under N.C. Gen. Stat. § 14-288.8, was related to or gave rise to the charge of possession of a firearm by a felon, a charge arising under N.C. Gen. Stat. § 14-415.1. Here, the charge of possession of a firearm by a felon arose as a result of Defendant's use of the firearm during the attempted robbery and conspiracy to commit robbery with a dangerous weapon. The charge of possession of a weapon of mass destruction is related to the charge of possession of a firearm by a felon; both arise out of the same attempted robbery, and in fact, both charges refer to the same weapon. Defendant should not have been charged with possession of a weapon of mass destruction and possession of a firearm by a felon in the same indictment. The indictment violated N.C. Gen. Stat. § 14-415.1(c), which clearly and unambiguously states, "[t]he indictment charging the defendant under the terms of [N.C. Gen. Stat. § 14-415.1] shall be separate from any indictment charging him with other offenses related to or giving rise to a charge under [N.C. Gen. Stat. § 14-415.1]." The form of the indictment was explicitly prescribed by statute, and we must give effect to the intent of the legislature as expressed in the plain language of the statute.
We also note that the State's argument attempts to import a harmless error analysis into consideration of defective indictments. This Court has already held that harmless error does not apply when there is a fatally defective indictment. State v. Phillips, 162 N.C. App. 719, 721, 592 S.E.2d 272, 274 (2004); State v. Partridge, 157 N.C. App. 568, 570, 579 S.E.2d 398, 399 (2003).
Because the statute mandated that the possession of a firearm by a felon charge be brought in a separate document, the indictment charging defendant with possession of a firearm was fatally defective and invalid on its face. Judgment on Defendant's conviction for possession of a firearm by a felon is therefore vacated. We find, however, no error as to Defendant's conviction for possession of a weapon of mass destruction. Because the trial court consolidated the charges for sentencing, Defendant must also be resentenced. See State v. Trejo, 163 N.C. App. 512, 518, 594 S.E.2d 125, 128 (2004).
No Error in part; Vacated and Remanded in part.
Judges WYNN and ELMORE concur.
Report per Rule 30(e).
NOTES
[1] N.C. Gen. Stat. § 14-7.3 (2007), states that "[t]he indictment charging the defendant as an habitual felon shall be separate from the indictment charging him with the principal felony."