STATE OF NORTH CAROLINA v. JOHNNY HENRY PETERSON, JR., DEFENDANT

No. COA09-365

(Filed 20 July 2010)

## 1. Pretrial Proceedings— joinder of criminal offenses—no abuse of discretion

The trial court did not abuse its discretion in joining for trial the charge of assault with a deadly weapon with intent to kill inflicting serious injury with the charges of two counts of possession of stolen firearms. The offenses shared a transactional connection and their joinder did not prejudicially hinder defendant's ability to receive a fair trial.

## 2. Evidence— relevancy—probative value—no error

The trial court did not err in an assault and possession of stolen firearms case by allowing into evidence testimony from a detective as to what defendant had told him about the events leading up to the argument with the victim. The testimony was necessary to complete the story of the assault for the jury and was, therefore, relevant and the probative value of the evidence was not outweighed by its prejudicial effect.

Appeal by defendant from judgments entered 3 October 2008 by Judge James E. Hardin, Jr. in Guilford County Superior Court. Heard in the Court of Appeals 16 September 2009.

*Attorney General Roy Cooper, by Assistant Attorney General William P. Hart, Jr., for the State.*

*J. Clark Fischer for defendant-appellant.*

GEER, Judge.

Defendant Johnny Henry Peterson, Jr. appeals his convictions for assault with a deadly weapon inflicting serious injury ("AWDWISI") and two counts of possession of stolen firearms. Defendant was originally indicted for assault with a deadly weapon with intent to kill inflicting serious injury ("AWDWIKISI"). On appeal, defendant primarily contends the trial court erred in joining for trial that charge with the charges of possession of stolen firearms. We hold that the trial court did not abuse its discretion in joining the charges because (1) they share a transactional connection and (2) their joinder did not prejudicially hinder defendant's ability to receive a fair trial.

## Facts

At trial, the State's evidence tended to show the following facts. Defendant and Alice Taylor were in a romantic relationship and lived together. The couple often fought. Previously, Ms. Taylor had threatened defendant with a knife, while defendant had pointed a gun at her. On 17 May 2008, the couple got into an argument while each was under the influence of drugs and alcohol. Ms. Taylor called her friend, Diane Jackson, to come pick her up.

As Ms. Taylor and Ms. Jackson were leaving the house, Ms. Taylor and defendant began to physically struggle. According to Ms. Taylor, defendant grabbed her first. When Ms. Jackson came over to try to help Ms. Taylor, defendant slapped Ms. Taylor in the face. Ms. Taylor then threw pictures, food, and a chair.[1] Defendant said, "I'll be right back" and walked down the hall. When he returned a few minutes later, he was holding a gun, which he used to shoot Ms. Taylor. The bullet entered Ms. Taylor's left side and exited through her back. Ms. Jackson testified that Ms. Taylor was unarmed at the time of the shooting.

When officers responded to the residence and handcuffed defendant, he said: "I wasn't trying to kill her." Officer J.A. Pennington, who transported defendant to the police station, testified that defendant told him a knife had been involved in the fight. According to Officer Pennington, defendant said, "[T]hat's the reason why I shot her, cause she had a knife." Defendant asked, "[I]s it not self-defense when someone has a knife[?]" Defendant told the officer that the abrasion on his head was caused by Ms. Taylor hitting him with something.

Detective Jim Schwochow interviewed defendant when he arrived at the police station. Defendant told the detective that he and Ms. Taylor had gotten into an argument the previous weekend and that Ms. Taylor had stabbed him. Defendant said that Ms. Taylor always kept two knives beside her bed in their room and that he would "be damned if [he] was going to let her come at [him] with a knife again." He told the detective that Ms. Taylor had a knife in her hand when he shot her.

Defendant told the detective he shot Ms. Taylor with a Ruger .357 magnum. He also admitted that he had a .45 caliber handgun in a

---

1. When officers later investigated the residence, they observed an overturned table, plants, stereo equipment, utensils, and frozen vegetables strewn about, a drawer pulled out of one of the cabinets, and a chair lying in the hallway.

safe in the residence and a .38 caliber revolver in his car parked in the driveway. Defendant said both the .357 and the .45 were "hot" or, in other words, stolen. Defendant had gotten them when he ran a night club in Durham. Both the .357 and the .45 seized from defendant were identified at trial by their owners as being the weapons that were stolen from them.

On 7 July 2008, defendant was indicted for one count of AWD-WIKISI and two counts of possession of stolen firearms. At trial, defendant testified that Ms. Taylor was the one who started the physical fight. He testified that during the argument, Ms. Taylor began trashing the house and threw a picture at him. He heard the silverware drawer open and could see her reflection in a picture in the hallway "scrambling for something which [he was] sure was a knife." Defendant grabbed a gun because he wanted to scare Ms. Taylor out of the house. He did not intend to shoot her, but he panicked when he saw her coming towards him with a knife, because she had attacked him with a knife the week before. On cross-examination, defendant admitted that, although he thought Ms. Taylor had a knife, he did not know whether she did or did not.

The jury found defendant guilty of AWDWISI rather than AWDWIKISI, and guilty of two counts of possession of stolen firearms. The trial court sentenced defendant to a presumptive-range term of 23 to 37 months imprisonment for the AWDWISI conviction. It sentenced defendant to two consecutive presumptive-range terms of eight to 10 months imprisonment for the possession of stolen firearms convictions, but suspended those sentences and placed defendant on supervised probation for 48 months. Defendant timely appealed to this Court.

I

[1] Defendant first contends the trial court erred in joining the charges of AWDWIKISI and possession of stolen firearms. The State moved to join the charges pursuant to N.C. Gen. Stat. § 15A-926(a) (2009), which provides that "[t]wo or more offenses may be joined in one pleading or for trial when the offenses, whether felonies or misdemeanors or both, are based on the same act or transaction or on a series of acts or transactions connected together or constituting parts of a single scheme or plan." Defendant objected to joinder and moved to sever the offenses pursuant to N.C. Gen. Stat. § 15A-927(b)(1) (2009), which requires the trial court to sever offenses upon a finding that severance is "necessary to promote a fair determination of the defendant's guilt or innocence of each offense." The trial court

granted the State's motion to join the charges and denied defendant's motion for severance.

N.C. Gen. Stat. § 15A-927(a)(2) provides that "[i]f a defendant's pretrial motion for severance is overruled, he may renew the motion on the same grounds before or at the close of all the evidence. Any right to severance is waived by failure to renew the motion." Defendant failed to renew his motion to sever and, therefore, waived the right to severance. *See State v. Spivey*, 102 N.C. App. 640, 648, 404 S.E.2d 23, 27 (1991) ("The record and transcript indicate that defendant failed to renew his motion to sever offenses at any time after his pretrial motion for same was denied. By statute he has, therefore, waived any right to severance of offenses.").

In *State v. Wood*, 185 N.C. App. 227, 230, 647 S.E.2d 679, 683, *disc. review denied*, 361 N.C. 703, 655 S.E.2d 402 (2007), however, this Court held that although the defendant waived his right to severance by failing to renew his motion to sever, the Court could still review the trial court's decision to join the offenses. The Court explained: "Where a defendant has waived any right to severance, on appeal this 'Court is limited to reviewing whether the trial court abused its discretion in ordering joinder at the time of the trial court's decision to join.' " *Id.* (quoting *State v. McDonald*, 163 N.C. App. 458, 463-64, 593 S.E.2d 793, 797, *disc. review denied*, 358 N.C. 548, 599 S.E.2d 910 (2004)).

The State argues that because defendant focused only on the denial of the motion to sever and failed to assign error or make arguments in his appellate brief about the decision to join the offenses, this Court is precluded from reviewing this issue. We believe, however, that defendant's assignments of error are sufficient to permit our review. *See State v. Agubata*, 92 N.C. App. 651, 660-61, 375 S.E.2d 702, 708 (1989) (reviewing issue whether trial court abused discretion in permitting joinder despite fact that defendant only assigned error to denial of motion to sever). Although the State asks us to disavow *Wood, McDonald,* and *Agubata*, only the Supreme Court has authority to overrule those decisions. *See In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989).

This Court has explained that "[t]wo or more offenses may be properly joined when 'the offenses charged are part of the same act or transaction or are so closely connected in time, place, and occasion that it would be difficult to separate proof of one charge from proof of the others.' " *Wood*, 185 N.C. App. at 230-31, 647 S.E.2d at 683 (quoting *State v. Lundy*, 135 N.C. App. 13, 16, 519 S.E.2d 73, 77

(1999), *appeal dismissed and disc. review denied,* 351 N.C. 365, 542 S.E.2d 651 (2000)). In deciding whether to join or sever offenses, a court should consider "(1) the nature of the offenses charged; (2) any commonality of facts between the offenses; (3) the lapse of time between the offenses; and (4) the unique circumstances of each case." *State v. Montford,* 137 N.C. App. 495, 498-99, 529 S.E.2d 247, 250, *cert. denied,* 353 N.C. 275, 546 S.E.2d 386 (2000).

In *State v. Hardy,* 67 N.C. App. 122, 126, 312 S.E.2d 699, 702 (1984), this Court held that a trial court could properly join for trial a possession of a firearm charge with charges for offenses committed using the firearm that was the subject of the possession charge. In *Hardy,* the police, after searching the defendant's car, found a firearm that had been stolen in the course of a breaking and entering. *Id.* at 123-24, 312 S.E.2d at 701. In this case, similarly, the firearm that was the basis of one of the possession of a stolen firearm charges was the same firearm used to assault Ms. Taylor. Because there was a sufficient transactional connection between these two charges, the trial court did not abuse its discretion in granting the State's motion to join the charges and denying defendant's pretrial motion to sever. *See State v. Silva,* 304 N.C. 122, 127, 282 S.E.2d 449, 453 (1981) ("Because at the time the consolidation order was entered there appeared to be a sufficient transactional connection among the three offenses, we hold that the trial judge committed no abuse of discretion.").

In *Silva,* however, the Supreme Court also emphasized:

A mere finding of the transactional connection required by the statute is not enough, however. In ruling on a motion to consolidate, the trial judge must consider whether the accused can receive a fair hearing on more than one charge at the same trial; if consolidation hinders or deprives the accused of his ability to present his defense, the charges should not be consolidated.

*Id.* at 126, 282 S.E.2d at 452. This Court has held that "[t]he test on review is are the offenses so separate in time and place and so distinct in circumstances as to render consolidation unjust and prejudicial to the defendant." *State v. Floyd,* 115 N.C. App. 412, 417, 445 S.E.2d 54, 58 (1994) (internal quotation marks omitted), *disc. review denied,* 339 N.C. 740, 454 S.E.2d 658 (1995), *aff'd,* 343 N.C. 101, 468 S.E.2d 46, *cert. denied,* 519 U.S. 896, 136 L. Ed. 2d 170, 117 S. Ct. 241 (1996).

Defendant has not pointed to any specific way in which consolidation hindered or deprived him of the ability to present his defense.

Further, given that defendant used one of the stolen guns in the course of the assault and admitted to the officers during the investigation of the assault that he knew the gun was stolen, defendant has not shown that the offenses were separate in time and place or distinct in circumstances.

Defendant argues that he was prejudiced by the joinder because "there was a significant risk that the jury concluded that a person who would obtain stolen handguns would have been likely to commit an unjustified shooting." In *State v. Cromartie*, 177 N.C. App. 73, 78, 627 S.E.2d 677, 681, *disc. review denied*, 360 N.C. 539, 634 S.E.2d 538 (2006), however, this Court concluded that insufficient prejudice existed when the defendant had used a firearm in an assault, and the trial court then joined a charge of AWDWIKISI with a charge of possession of a firearm by a felon. Even though the joinder resulted in possible admission of evidence not otherwise admissible—the fact the defendant had a prior felony conviction—the Court held that the joinder did not unjustly or prejudicially hinder the defense, especially when "the evidence was not complicated and the trial court's instruction to the jury clearly separated the two offenses." *Id.*

Likewise, in this case, the evidence was not complicated. Ms. Taylor, Ms. Jackson, and defendant all gave similar testimony regarding the events leading up to the assault and the assault itself. The only significant issues were whether defendant had an intent to kill Ms. Taylor and whether he acted in self defense. As for the possession charges, defendant admitted he possessed two weapons that he believed were stolen. The trial court also gave instructions to the jury that clearly separated the offenses.

We, therefore, hold the trial court did not abuse its discretion in joining the offenses of AWDWIKISI and the charge of possession of a stolen firearm based on the firearm used in the assault. Since there was no error in the joinder of those two offenses, defendant cannot demonstrate prejudice by the additional joinder of the second charge of possession of a stolen firearm. Defendant has identified no prejudice other than prejudice from the jury's knowing that he was someone who possessed a stolen firearm, a fact that was before the jury based on the properly-joined first possession charge.

II

[2] Defendant also argues that the trial court should have excluded as irrelevant testimony from Detective Schwochow as to what defendant had told him about the events leading up to the argument.

Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." N.C.R. Evid. 401. " '[E]ven though a trial court's rulings on relevancy technically are not discretionary and therefore are not reviewed under the abuse of discretion standard applicable to Rule 403, such rulings are given great deference on appeal.' " *State v. Miller*, 197 N.C. App. 78, 86-87, 676 S.E.2d 546, 552 (quoting *State v. Wallace*, 104 N.C. App. 498, 502, 410 S.E.2d 226, 228 (1991), *appeal dismissed and disc. review denied*, 331 N.C. 290, 416 S.E.2d 398, *cert. denied*, 506 U.S. 915, 121 L. Ed. 2d 241, 113 S. Ct. 321 (1992)), *disc. review denied*, 363 N.C. 586, 683 S.E.2d 216 (2009).

The prosecutor asked Detective Schwochow what precipitated the argument between the couple. The detective said that defendant told him that Ms. Taylor was angry with him because a week earlier, he had told a visiting friend that the friend could "take her, meaning [Ms. Taylor], to the back and fuck her." Detective Schwochow also said that defendant told him Ms. Taylor had caught him cheating on her and always brought that up when they argued.

"[E]vidence is competent and relevant if it is one of the circumstances surrounding the parties, and necessary to be known, to properly understand their conduct or motives, or if it reasonably allows the jury to draw an inference as to a disputed fact." *State v. Arnold*, 284 N.C. 41, 48, 199 S.E.2d 423, 427 (1973). Our Supreme Court has held that ' "[e]vidence, not part of the crime charged but pertaining to the chain of events explaining the context, motive and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or [if it] forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury.' " *State v. Agee*, 326 N.C. 542, 548, 391 S.E.2d 171, 174 (1990) (quoting *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985)).

Evidence of what precipitated the argument between Ms. Taylor and defendant and what the argument was about is part of the account of the assault on Ms. Taylor and is necessary to complete the story of that assault for the jury. *See State v. Beal*, 181 N.C. App. 100, 107, 638 S.E.2d 541, 546 (2007) (holding victim's testimony about the reason for their dispute and that he asked defendant to leave house because he feared defendant would become violent based on past similar encounters was relevant because it "served to provide context for the ensuing fight"). This evidence was, therefore, relevant.

Defendant contends that, nonetheless, the prejudicial effect of the reasons for Ms. Taylor's anger outweighed the evidence's probative value in violation of Rule 403 of the Rules of Evidence. "Whether to exclude evidence [under Rule 403] is a decision within the trial court's discretion." *State v. Al-Bayyinah*, 359 N.C. 741, 747, 616 S.E.2d 500, 506 (2005), *cert. denied*, 547 U.S. 1076, 164 L. Ed. 2d 528, 126 S. Ct. 1784 (2006). "This Court will find an abuse of discretion only where a trial court's ruling 'is manifestly unsupported by reason or is so arbitrary that it could not have been the result of a reasoned decision.'" *State v. Theer*, 181 N.C. App. 349, 360, 639 S.E.2d 655, 662-63 (quoting *State v. Campbell*, 359 N.C. 644, 673, 617 S.E.2d 1, 19 (2005), *cert. denied*, 547 U.S. 1073, 164 L. Ed. 2d 523, 126 S. Ct. 1773 (2006)), *appeal dismissed*, 361 N.C. 702, 653 S.E.2d 159 (2007), *cert. denied*, 553 U.S. 1055, 171 L. Ed. 2d 769, 128 S. Ct. 2473 (2008).

Defendant has not persuaded us that the trial court abused its discretion. The evidence explained the reasons for the physical fight. Those reasons—defendant's infidelity and his offering of Ms. Taylor to his friend a week earlier—while certainly casting defendant in a negative light, also were supportive of defendant's claim of self defense. The evidence showed that there was a reason for Ms. Taylor to be very angry with defendant, a fact necessary to defendant's self-defense theory. It also made more credible defendant's claim that they had physically fought a week earlier. Given how the evidence provided support for the claim of self defense, we cannot conclude that the trial court erred in determining that the probative value of the evidence outweighed any unfair prejudice. *See Theer*, 181 N.C. App. at 362, 639 S.E.2d at 664 (holding that admission of evidence of defendant's sexual promiscuity and affairs during her marriage to victim, which defendant argued suggested she was immoral and degenerate, was not manifestly unreasonable under Rule 403).

No error.

Judges STROUD and ERVIN concur.